SCHEB, Chief Judge.
David M. Walker challenges his conviction of possession of heroin with intent to sell, and sale of heroin.
The state charged Walker with two counts of possession with intent to sell heroin, and two counts of sale or delivery of heroin. At trial the court directed a verdict of acquittal on one count of possession and one count of sale or delivery. It then instructed the jury on the two remaining counts, including attempts to commit the offenses charged. During the jury’s deliberations, however, the trial court, at the state’s request and over Walker’s objections, recalled the jury and withdrew the instruction on attempted possession. The jury then returned verdicts of guilty on both the possession and sale or delivery charges, and the trial court imposed a general sentence of five years.
Walker contends that the court erred in withdrawing the instruction on attempt. We agree. Where the attempt to commit the crime charged would itself constitute an offense under Florida law, the failure to instruct the jury on the attempt is error. Brown v. State, 206 So.2d 377 (Fla.1968). We agree with the Fourth District Court of Appeal that attempted possession of cocaine or marijuana is a crime. Silvestri v. State, 332 So.2d 351 (Fla. 4th DCA 1976), approved, 340 So.2d 928 (Fla. 1976); Nichols v. State, 248 So.2d 199 (Fla. 4th DCA 1971). It follows that attempted possession of heroin is also a crime. Thus, the trial court properly instructed on attempt, and its withdrawal of the instruction was error.
We also agree with Walker that the trial court erred in imposing a single sentence of five years when he was convicted of two separate crimes. This was an impermissible general sentence and must be vacated. Dorfman v. State, 351 So.2d 954 (Fla.1977).
We have examined and we reject the other points Walker raises on this appeal.
Accordingly, we reverse Walker’s conviction for possession of heroin with intent to sell, and we vacate the sentence on both charges. We remand for a new trial on the possession count, and for resentenc-ing on the sale conviction. Walker has the right to be present at the resentencing hearing. •
HOBSON and RYDER, JJ., concur.