909 So.2d 917 (2005)
Lisette Arellano BISSON and Randolph J. Bisson, Appellants,
v.
Vilma Schueg Ramirez DE ARELLANO, Cititrust (Bahamas) Limited, and Manuel Jorge Cutillas, Appellees.
No. 3D03-2080.
District Court of Appeal of Florida, Third District.
June 1, 2005.
Rehearing and Rehearing Denied September 9, 2005.
Fulvia A. Morris, Coral Gables, for appellants.
Miguel A. Suarez; Hicks & Kneale, P.A., and Mark Hicks; Shook Hardy & Bacon, LLP; Astigarraga Davis Mullins & Grossman, P.A., and Edward M. Mullins and Annette C. Escobar, Miami, for appellees.
Before COPE and SHEPHERD, JJ., and SCHWARTZ, Senior Judge.
Rehearing and Rehearing En Banc Denied September 9, 2005.
SHEPHERD, J.
The appellants, Lisette Arellano Bisson and her husband, Randolph J. Bisson, appeal the trial court's order granting summary final judgment in favor of Lisette's mother, Vilma Schueg Ramirez de Arellano. *918 Appellants also appeal a denial of a motion for rehearing taken from that order and a simultaneously filed motion for relief from judgment.
This litigation has been pending more than ten years and presently is traveling on a Fifth Amended Complaint that named as defendants Vilma Schueg Ramirez de Arellano, Cititrust (Bahamas) Limited ("Cititrust"), individually, and Manuel Jorge Cutillas, individually. The gravamen of the complaint is that Vilma, either alone or in conspiracy with some twenty other relatives, attorneys or other professionals, and institutions, including Cititrust and Cutillas, deprived Lisette of a multi-million-dollar inheritance from her now deceased grandmother.[1] The more than dozen causes of action included within the Fifth Amended Complaint allege fraud, breach of fiduciary duty, breach of a purported common law duty to inform and account, surcharge, constructive trust, unjust enrichment, conversion, tortious interference with a gift or devise, and intentional interference with an expectancy, to recite a sampling.
The factual basis for these claims is an alleged oral promise made by grandmother to Lisette for which there exists no written memorialization or witness. Rather, there exist several well-drawn and thoughtful trust instruments which post-date the alleged promise that clearly and unambiguously distribute grandmother's assets, contrary to Lisette's views of her entitlement. Cititrust and Cutillas are co-trustees of two of those trusts.
Based upon a careful review of the record, we agree with the lower court's conclusion that despite ten years of protracted litigation, appellants have not produced any evidence that creates a triable issue of fact on any claim made by appellants in this litigation. The entry of summary judgment in favor of Vilma was both appropriate, and overdue. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126 (Fla.2000)(summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law); Williams v. Garden City Claims, Inc., 796 So.2d 586, 587 (Fla. 3d DCA 2001)(affirming summary judgment in counter defendants' favor where "the claims at issue were totally without merit").
As to Cititrust and Cutillas, we likewise affirm. As an initial matter, it is doubtful that the claims made against Cititrust and Cutillas individually are preserved for appeal. See Rivera v. Dade County, 485 So.2d 17 (Fla. 3d DCA 1986)(court lacks jurisdiction to review orders which have not been reduced to writing). On the merits, however, the record reflects that in May 1996, the lower court entered an order dismissing both Cititrust and Cutillas on the ground that there was no personal jurisdiction to sue them as trustees in the State of Florida. Appellants appealed that order. On appeal, appellants argued that reversal was required because Cititrust and Cutillas were sued individually, as well as in their capacity as trustees. In 1998, we decided the appeal adversely to appellants. See Bisson v. Cititrust (Bahamas) Ltd., 709 So.2d 542 (Fla. 3d DCA 1998)(table). Because the Bissons previously litigated whether or not Cititrust and Cutillas could be sued in any *919 capacity, the Bissons may not raise this issue again in this appeal. See Valsecchi v. Proprietors Ins. Co., 502 So.2d 1310 (Fla. 3d DCA 1987)(law of case doctrine precludes consideration of points of law which were, or should have been, adjudicated in a prior or former appeal of same case, as well as to any question decided by implication).
We likewise reject all other points raised by appellants and fully affirm the judgment and order on appeal.
Affirmed.
NOTES
[1] Prior iterations of the complaint named several of Lisette's relatives, attorneys and other professionals, and institutions at one time or another. These other parties have all extracted themselves from the litigation via prior dismissals or orders.