929 So.2d 1081 (2005)
GOODYEAR TIRE & RUBBER COMPANY, Appellant,
v.
Ronnie JONES and Sylvia Jones, Appellees.
No. 3D04-3256.
District Court of Appeal of Florida, Third District.
December 14, 2005.
Rehearing and Rehearing Denied March 28, 2006.
*1082 Thornton, Davis & Fein, Kathleen M. O'Connor and Frederick J. Fein, Miami, for appellant.
Lauri Waldman Ross; Gonzalez & Walsh and Lisa Walsh, Miami, for appellees.
Before LEVY, GERSTEN, and ROTHENBERG, JJ.
Rehearing and Rehearing En Banc Denied March 28, 2006.
ROTHENBERG, Judge.
Goodyear Tire & Rubber Company (Goodyear) appeals an order vacating a confidentiality order, and the denial of its motion requesting an in-camera inspection of documents previously covered by the confidentiality order. Additionally, Goodyear asks this court to declare the Sunshine in Litigation Act ("Act" or "Sunshine in Litigation Act") unconstitutional. We affirm.
The case arose out of an explosion of a Goodyear Unisteel tire, which injured the plaintiff, Ronnie Jones. During the course of litigation, Goodyear objected to production requests made by the plaintiffs, arguing that the requests were overbroad, burdensome and vague, and not limited in scope to tires substantially similar to the one involved in the lawsuit. A special master was appointed to decide the issue. The special master conducted three hearings and ultimately determined that Goodyear should be required to produce the requested documents.
After being required to produce the documents, Goodyear sought to have a confidentiality order entered to prohibit the plaintiffs from disclosing to others the documents obtained during discovery. Goodyear asserted that the documents were trade secrets. The parties' attorneys communicated through a number of letters concerning the propriety of a confidentiality order and its potential content. On September 7, 1999, the plaintiffs' attorney sent a letter to Goodyear's attorney stating that he was not convinced that the documents in question were in fact trade secrets, and suggested that Goodyear file the documents with the special master for a determination of whether they were entitled to trade secret protection. Goodyear did not do so. Thereafter, the plaintiffs objected to Goodyear's motion for a confidentiality order, arguing that the documents *1083 were not trade secrets and not subject to a confidentiality order as the documents concerned a public hazard (Goodyear Unisteel tires), thereby prohibiting concealment by court order under the Sunshine in Litigation Act.
The trial court, however, held that a determination that the tires constituted a public hazard was premature; indicated that if the plaintiffs prevailed in the action, the court would permit the documents to be made public under the Sunshine in Litigation Act; and granted the confidentiality order, prohibiting disclosure of the documents in question to anyone not involved in the litigation.
The case was ultimately tried, resulting in a jury verdict in favor of the plaintiffs. The trial court, however, entered a directed verdict and granted a new trial. On appeal, the plaintiffs argued that the trial court erred in directing the verdict and requested this court to reinstate the jury's verdict and to vacate the confidentiality order issued by the trial court. This court agreed with the plaintiffs and ordered that the jury's verdict be reinstated and that the confidentiality order be vacated pursuant to the Sunshine in Litigation Act. Jones v. Goodyear Tire & Rubber Co., 871 So.2d 899, 906 (Fla. 3d DCA 2003). Specifically, we stated "we remand with the additional instruction that the pre-trial confidentiality order be vacated." Id.
On remand, Goodyear sought a hearing and an in-camera inspection of the documents covered by the confidentiality order. Goodyear asserted that the Sunshine in Litigation Act does not require the documents to be made public as (1) the documents are trade secrets; and (2) they do not pertain to the make and model of tire at issue in the Jones's suit and, therefore, disclosure is not required under the Sunshine in Litigation Act. Alternatively, Goodyear sought a hearing on the constitutionality of the Sunshine in Litigation Act, arguing that application of the Act to require disclosure of confidential trade secret documents without an in-camera hearing would violate its due process rights.
The trial court found that it lacked jurisdiction to conduct an in-camera inspection or to set a hearing on whether the Act is constitutional. Therefore, it denied the defendant's motion to conduct an in-camera inspection or to hold a hearing on the constitutionality of the Act, vacated the confidentiality order, and stayed the vacation of the order pending appellate review. This appeal follows.
Subsection (3) of The Sunshine in Litigation Act provides:
Except pursuant to this section, no court shall enter an order or judgment which has the purpose or effect of concealing a public hazard or any information concerning a public hazard, nor shall the court enter an order or judgment which has the purpose or effect of concealing any information which may be useful to members of the public in protecting themselves from injury which may result from the public hazard.
§ 69.081(3), Fla. Stat. (2004).
Subsection (5) of the Act provides:
Trade secrets as defined in s. 688.002 which are not pertinent to public hazards shall be protected pursuant to chapter 688.
§ 69.081(5), Fla. Stat. (2004).
Subsection (7) provides:
Upon motion and good cause shown by a party attempting to prevent disclosure of information or materials which have not previously been disclosed, including but not limited to alleged trade secrets, the court shall examine the disputed information or materials in camera. If the court finds that the information or materials or portions thereof consist of information *1084 concerning a public hazard or information which may be useful to members of the public in protecting themselves from injury which may result from a public hazard, the court shall allow disclosure of the information or materials. If allowing disclosure, the court shall allow disclosure of only that portion of the information or materials necessary or useful to the public regarding the public hazard.
§ 69.081(7), Fla. Stat. (2004).
Goodyear argues that it was denied due process because a hearing and an incamera inspection were never conducted pursuant to subsections (5) and (7) of the Act to determine whether the documents covered by the protective order contain trade secrets not pertinent to the tire deemed to be a public hazard, or whether disclosure of the documents is necessary or useful to the public. The plaintiffs, however, argue that if the absence of a hearing and an in-camera inspection was error, it was caused by Goodyear who obtained the benefit of a confidentiality order without a hearing. The plaintiffs also argue that, in vacating the confidentiality order, the trial court was performing a purely ministerial function over which it had no discretion, and that it was required to comply with this court's mandate instructing it to vacate. We agree with the plaintiffs and conclude that Goodyear waived its right to the hearing it now requests.
The Sunshine in Litigation Act prohibits a court from entering an order which conceals a public hazard. § 69.081(3), Fla. Stat. (2004). When Goodyear moved for a confidentiality order, the plaintiffs responded that the Goodyear Unisteel tires constituted a public hazard under the Sunshine in Litigation Act, thereby precluding a confidentiality order restricting the information. Rather than determining whether the tires were a public hazard under the Sunshine in Litigation Act, and then determining whether any exception to the Act applied, the trial court entered the blanket confidentiality order sought by Goodyear, making all of the documents in question confidential until the jury made a determination regarding the tires in question.
We conclude that the trial court erred by issuing the order sought by Goodyear without first holding a hearing to determine which documents related to the claimed public hazard and if any of the documents related to a trade secret. The Act prohibits any court from entering an order that has the effect of concealing a public hazard. Thus, the trial court should have determined whether its order would have had such an effect prior to entering the order, rather than deferring until after trial. We also conclude that because Goodyear invited the error, and enjoyed the benefits of the invited error for the past five years, it may not now seek to remedy the error on appeal. See Gupton v. Vill. Key & Saw Shop, 656 So.2d 475, 478 (Fla.1995)(explaining that "a party cannot successfully complain about an error for which he or she is responsible or of rulings that he or she has invited the trial court to make"); Zanoletti v. Norle Props., Corp., 688 So.2d 952, 953 (Fla. 3d DCA 1997)(stating that "[i]nvited error occurs when the appellant somehow induced the specific ruling by her affirmative action or inactivity"); Sierra v. Pub. Health Trust of Dade County, 661 So.2d 1296, 1298 (Fla. 3d DCA 1995)(finding that a party "may not avail himself of the benefits of an order and subsequently assign such order as error"). Goodyear led the trial court to error and thereby obtained a confidentiality order without a determination of whether its tires constituted a public hazard under the Sunshine in Litigation Act, or whether *1085 any exception to the Act applied. Goodyear took no action to preserve the issues of whether its documents contain trade secrets; whether any of the documents should be protected because they are not related to the hazardous tire; or whether disclosure of the documents was necessary or could be useful to the public. Thus, Goodyear has waived its right to a hearing on those issues.
Our position is unaltered by the arguments and case law provided by Goodyear in its "Appellant's Notice of Supplemental Authorities and Supplemental Record Citations," filed after oral argument. In this "Notice," Goodyear claims that the trial court's initial entry of the blanket confidentiality order, without making a determination of whether the documents in question contained trade secrets, was not error. Goodyear argues that it is a common and expeditious practice to enter such an order which the opposing party may challenge, by specifying which documents it believes are not entitled to protection. In support of its position, Goodyear cites to Chicago Tribune Co. v. Bridgestone/Firestone, 263 F.3d 1304, 1307 (11th Cir.2001), Rice v. U.S., 39 Fed.Cl. 747, 750 (1997), and Manual for Complex Litigation § 11.432 (4th ed.2004). Here, the plaintiffs sought disclosure of these documents pursuant to the Florida Sunshine in Litigation Act, which required the trial court to determine of whether the tires in question were a hazardous product under the Sunshine in Litigation Act, and whether any exception to the Act applied. As the trial court's failure to do so was based upon invited error by Goodyear to which it has enjoyed the benefit for the last five years,[1] we conclude that Goodyear waived the in-camera review it now seeks.
Goodyear also argues that the Sunshine in Litigation Act is unconstitutional both as applied and on its face. It argues that the Act is unconstitutional as applied because vacating the confidentiality order without a hearing and an in-camera inspection deprived Goodyear of its due process rights. However, this issue has already been resolved contrary to Goodyear's position. In the original appeal of this case, Goodyear argued in its answer brief that vacating the confidentiality order without holding an evidentiary hearing would violate its due process rights. By finding that the tire was a public hazard and instructing that the confidentiality order be vacated, this court in a previous appeal, rejected this argument. In its motion for rehearing and rehearing en banc, and its motion for certification of questions, Goodyear continued to argue that vacating the order without a hearing deprived it of its due process rights to notice and a hearing. Because Goodyear's argument, that vacating the confidentiality order without a hearing and in-camera inspection violated its due process rights, thereby rendering the Act unconstitutional as applied to Goodyear, was rejected by a previous review by this court, this argument is barred in this subsequent appeal by the law of the case doctrine. Swain v. State, 911 So.2d 140 (Fla. 3d DCA 2005)(stating that, under the law of the case doctrine, questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings); Bisson v. de Arellano, 909 So.2d 917 (Fla. 3d DCA 2005)(finding that, because the appellants litigated an issue on a previous appeal of the case, they could not raise the issue again on appeal). However, if we were to reach this issue on the merits, we would find that Goodyear's due process rights were not violated because, *1086 as discussed previously, Goodyear waived its right to a hearing.
Goodyear additionally asserts that the Sunshine in Litigation Act is unconstitutional on its face because it is a procedural rule enacted by the legislature, and because it is arbitrary, unreasonable, and not rationally related to a reasonable government objective, therefore denying substantive due process. Goodyear did not, however, challenge the facial constitutionality of the Act below, and "[a] facial challenge to a statute's constitutional validity may be raised for the first time on appeal only if the error is fundamental." State v. Johnson, 616 So.2d 1, 3 (Fla.1993). The Florida Supreme Court has explained that "for an error to be so fundamental that it can be raised for the first time on appeal, the error must be basic to the judicial decision under review and equivalent to a denial of due process." Id. Under this standard, Goodyear's argument that the Act is a procedural rule improperly enacted by the legislature, even if correct, would not constitute fundamental error, and thus is not subject to appellate review.
Goodyear's argument that the Act is arbitrary, unreasonable, and not rationally related to a reasonable government objective, if correct, would constitute fundamental error, as denial of substantive due process may constitute fundamental error and the application of the Act in this case was basic to the decision under review to vacate the confidentiality order. A statute is constitutional if it bears a reasonable relationship to a legitimate public purpose and is not discriminatory, arbitrary, or oppressive. See Haire v. Florida Dep't of Agric. & Consumer Servs., 870 So.2d 774, 782 (Fla.2004). Goodyear recognizes that the legitimate purpose of the Act is to protect the public from hazards that would be concealed by court orders. However, it argues that this purpose is not served by requiring disclosure of confidential materials after a case proceeds to trial with a subsequent verdict and judgment against the manufacturer, because in such a situation, the hazard is a matter of public record. We disagree that the legitimate purpose of protecting the public from a hazard is met by applying such a narrow interpretation. In order to protect the public from hazardous products, the Act not only prohibits a court from concealing a public hazard, but also from concealing "any information concerning a public hazard." See § 69.081(3), Fla. Stat. (2004). Prohibiting the concealment of information concerning a public hazard is rationally related to the goal of protecting the public from the hazard. Although a judgment represents a finding that a particular product or design constitutes a public hazard, and may reveal some information regarding the hazard, when a blanket confidentiality order is entered protecting a quantity of documents related to the hazard, such as the one entered in this case, information which could protect the public from the hazard would still remain concealed from the public the Act seeks to protect. Thus, the goal of protecting the public from hazards can only be accomplished by disallowing confidentiality orders which protect information related to the hazard after a verdict and judgment have been entered against the manufacturer of a hazardous product. We, therefore, find that the Act is not arbitrary or unreasonable, and that it is rationally related to a reasonable government objective, and thus constitutional on its face.
Affirmed.
NOTES
[1] The confidentiality order was entered on September 6, 2000.