987 So.2d 142 (2008)
The GOODYEAR TIRE & RUBBER COMPANY, an Ohio corporation, Petitioner,
v.
John H. SCHALMO, individually; Kelly J. Schalmo, individually and as mother and natural guardian of Chelsea Decker, a minor; William McClintock, individually; Ruth McClintock, individually; Lazy Days R.V. Center, Inc., a Florida corporation; Fleetwood Motor Homes of Indiana, Inc., a foreign corporation; and Spartan Chassis, Inc., a foreign corporation, Respondents.
No. 2D07-5069.
District Court of Appeal of Florida, Second District.
July 11, 2008.
*143 John M. Murray and Michael G. Shannon of Murray, Marin & Herman, P.A., Tampa, for Petitioner.
Hugh N. Smith and Christopher J. Roberts of Smith & Fuller, P.A., Belleair Bluffs, for Respondents John H. Schalmo, Kelly J. Schalmo, William McClintock, and Ruth McClintock.
Rutledge R. Liles and Katie L. Dearing of Liles, Gavin, Costantino & George, Jacksonville, for Respondents Fleetwood Motor Homes of Indiana, Inc., and Lazy Days' R.V. Center, Inc.
David C. Banker and Keith D. Skorewicz of Bush Ross, P.A., Tampa, for Respondent Spartan Chassis, Inc.
VILLANTI, Judge.
In this products liability case, the Goodyear Tire & Rubber Company petitions for a writ of certiorari. It argues that the trial court departed from the essential requirements of the law by not complying with the provisions of the Florida Sunshine in Litigation Act when it entered a confidentiality order without first conducting an *144 in-camera inspection of the documents sought in discovery. We agree with Goodyear, grant the writ, quash the confidentiality order, and remand for further proceedings consistent with this opinion.

Relevant Facts
The Schalmos and McClintocks sued several defendants, including Goodyear, as a result of an accident involving a Fleetwood motor home. The second amended complaint alleged that the tread of one of the motor home's tires separated, causing an accident in which the Schalmos and McClintocks were injured. The lawsuit alleged that Goodyear was negligent and strictly liable in the design and/or manufacture of the tire. The Schalmos and McClintocks assert that there are other lawsuits involving the same type of tire on motor homes and alleging similar tire defects.
In discovery, the Schalmos and McClintocks requested documents from Goodyear and from the other defendants. Goodyear objected asserting, inter alia, that those documents contained confidential trade secrets and business information. Goodyear objected to a blanket confidentiality order applicable to all documents and to all parties because it was concerned that the Sunshine in Litigation Act and the Third District's decision in Goodyear Tire & Rubber Co. v. Jones, 929 So.2d 1081 (Fla. 3d DCA 2005), review denied, 937 So.2d 665 (Fla.2006) (table decision), required the trial court to conduct an in-camera inspection of the documents at issue before entering a confidentiality order.[1]
Over Goodyear's objections, the trial court entered a confidentiality order setting forth procedures to designate documents as "confidential" without having the court first review such documents. Essentially, the order provides that any party can designate documents as "confidential" without an in-camera inspection of the documents and without establishing first that the documents are, in fact, confidential. The court would review documents and resolve disputes if and when a party challenges the "confidential" designation of particular documents. The trial court did not conduct an in-camera review of any of the documents before entering this confidentiality order. We agree with Goodyear's argument that the confidentiality order does not comply with the Florida Sunshine in Litigation Act because the court did not conduct an in-camera inspection of documents prior to entering the order.

Analysis
The contours of this court's review of a petition for writ of certiorari are well defined. To obtain a common-law writ of certiorari, the petitioner must establish that (1) the trial court departed from the essential requirements of the law, (2) the departure resulted in a material injury that will affect the remainder of the proceedings below, and (3) the injury cannot be corrected through any other means. Allstate Ins. Co. v. Langston, 655 So.2d 91, 94 (Fla.1995); Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987). Goodyear has met its burden of proof.
Florida's Sunshine in Litigation Act bars a court from entering a protective order which conceals "a public hazard or any information concerning a public hazard" or which conceals "information which may be useful to . . . the public in protecting themselves from injury which may result from *145 [a] public hazard." § 69.081(3), Fla. Stat. (2005). The Act defines "public hazard" as follows:
"[P]ublic hazard" means an instrumentality, including but not limited to any device, instrument, person, procedure, product, or a condition of a device, instrument, person, procedure or product, that has caused and is likely to cause injury.
§ 69.081(2). When a party seeks to prevent disclosure of information or documents potentially falling within the scope of the Sunshine in Litigation Act, the Act requires the trial court to take certain steps:
Upon motion and good cause shown by a party attempting to prevent disclosure of information or materials which have not previously been disclosed, including but not limited to alleged trade secrets, the court shall examine the disputed information or materials in camera. If the court finds that the information or materials or portions thereof consist of information concerning a public hazard or information which may be useful to members of the public in protecting themselves from injury which may result from a public hazard, the court shall allow disclosure of the information or materials. If allowing disclosure, the court shall allow disclosure of only that portion of the information or materials necessary or useful to the public regarding the public hazard.
§ 69.081(7) (emphasis added). If the discovery dispute concerns trade secrets, the trial court can enter a protective order preventing disclosure of the trade secrets if they are not pertinent to a public hazard. § 69.081(5).
The plain language of subsection seven of the Act requires the trial court "[u]pon motion and good cause shown by a party" to examine the disputed documents to determine if they "consist of information concerning a public hazard or information which may be useful to members of the public in protecting themselves from injury which may result from a public hazard." § 69.081(7). If the documents or information meet this standard, the court must allow their disclosure to the public. Id. Therefore, a trial court cannot enter a confidentiality order without first determining whether any disputed documents relate to the public hazard alleged in the litigation. See Jones, 929 So.2d at 1084 (concluding that trial court erred in issuing protective order without first determining whether any of the documents at issue related to the public hazard alleged in the underlying litigation and without determining whether the court's protective order would have the effect of concealing the claimed public hazard); see generally E.I. DuPont De Nemours & Co. v. Lambert, 654 So.2d 226 (Fla. 2d DCA 1995) (reversing and remanding for further proceedings a trial court's summary resolution of issues involving the Sunshine in Litigation Act). In other words, when the Sunshine in Litigation Act is raised, the possible existence of a public hazard can limit the use of confidentiality or protective orders. Therefore, the possible existence of a public hazard must be determined upfront. Otherwise, the court would fail to comply with the essential requirements of the Act.
In this case, there has been a suggestion that the tires at issue constitute a "public hazard" under the Sunshine in Litigation Act. If the tires are a public hazard, information concerning that public hazard, or information that could be useful to the public in protecting themselves from injury caused by that public hazard, could not be the subject of a confidentiality order. Yet, the trial court did not conduct an in camera review of the documents to determine whether the tires and the information sought by the Schalmos and McClintocks *146 fell within the purview of sections 69.081(2) and (7). In fact, it is clear from the record that the trial court did not wish to conduct an in-camera inspection at the early stages of litigation to determine the applicability of the Sunshine in Litigation Act. The trial court expressed concern that it would receive voluminous technical records which it would be unable to understand. Therefore, the court wanted the parties to conduct discovery under a protective order, narrow their discovery disputes, and bring to the court's attention only those issues which the parties were unable to resolve. The trial court's approach, while logical, is not supported by the plain language of the statute.
We sympathize with the trial court's concern about the potentially complex nature of the documents and information that might be presented to the court related to Goodyear's alleged trade secrets and confidential information. Nevertheless, regardless of how technically difficult the matter may be, the Sunshine in Litigation Act requires the trial court to act as a gatekeeperit must view and consider the disputed documents and information and determine whether the provisions of the Act apply. If after an in-camera review and hearing from the parties, the trial court concludes that the information or materials fall within the scope of the Act, it must allow disclosure of those portions of the information or materials "necessary or useful to the public regarding the public hazard." See § 69.081(7). Only if the court concludes that the documents and information do not concern a "public hazard" and do not concern information "which may be useful to members of the public in protecting themselves from injury which may result from a public hazard" may the court enter a confidentiality order. Id.
For the reasons set forth above, it is apparent that the trial court departed from the essential requirements of the law when it entered a blanket protective order in this case, that such departure resulted in a material injury that will affect the rest of the proceedings, and that this injury cannot be corrected through any other means. Therefore, we grant the petition, quash the order, and remand this matter to the trial court to comply with the requirements of the Sunshine in Litigation Act.
Petition granted, confidentiality order quashed, and cause remanded for further proceedings consistent with this opinion.
NORTHCUTT, C.J., and SALCINES, J., Concur.
NOTES
[1] Goodyear expressed concern that, under Jones, not raising this issue before the trial court entered a blanket confidentiality order would result in a waiver of any potential argument by Goodyear in the future that the Sunshine in Litigation Act was inapplicable to particular documents or information sought by the plaintiffs in the trial court.