SALTER, J.
 

 Ford Motor Company seeks a writ of certiorari quashing an interlocutory circuit court “Order Determining Public Hazard Pursuant to Florida Statute § 69.081.” The respondent, plaintiff below, sued Ford following the death of her son in 1997. Her son was a passenger in a 1996 Ford Explorer in a “rollover” traffic accident.
 

 We grant the petition and quash the order because (1) the trial court departed from the essential requirements of law and (2) the order causes irreparable harm to Ford that should not await determination via a later and plenary appeal.
 

 The Case and Motion
 

 The respondent’s lawsuit was filed in 1999. In 2007, this Court reversed a jury verdict and judgment against Ford because the trial court permitted, over objection, “testimony referencing other rollover accidents involving the Ford Explorer without requiring a showing of substantial similarity between those accidents and Hall’s.”
 
 Ford Motor Co. v. Hall-Edwards,
 
 971 So.2d 854, 856 (Fla. Bd DCA 2007),
 
 review denied,
 
 984 So.2d 1250 (Fla.2008). In three later cases here, we have considered (and in two of them, quashed) orders after remand, noting that “[t]his case appears to have gone astray after we reversed and remanded.”
 
 [1]
 

 Ford Motor Co. v. Hall-Edwards,
 
 997 So.2d 1148, 1152 (Fla. 3d DCA 2008).
 

 This latest petition relates to a motion, hearing, and order after the case was remanded for a new trial. The respondent filed a “Notice of Public Hazard Pursuant to § 69.081 and Motion to Prevent the
 
 *101
 
 Court from Entering Order Concealing Public Hazard” and noticed the motion for a one-hour evidentiary hearing. The motion asked the trial court to make a finding that “the Ford Explorer” is a “public hazard” under section 69.081, Florida Statutes (2008),
 
 [2]
 
 and to “enter no order concealing the ‘public hazard’ from the public and prevent Ford Motor Company from concealing any information related to the Ford Explorer, including but not limited to trade secrets and other protected, confidential, and/or privileged documents.” (Footnote added).
 

 At the time the motion was filed, the trial court did not have pending before it a request by Ford to limit disclosure of case-related documents. The respondent also acknowledges that she is bound by the terms of a confidentiality order entered in
 
 federal
 
 multi-district litigation (MDL) involving Ford Explorer rollover lawsuits and pending in the United States District Court for the Southern District of Indiana. The record does not disclose any motion by the respondent in the MDL case to vary the terms of that order based on the allegedly-applieable Florida “public hazard” law.
 

 Ford repeatedly asked the respondent to disclose any witnesses, documents, or other evidence to be relied upon by the respondent at the hearing on her motion. Two days before the hearing, the respondent provided Ford’s counsel a listing, allegedly of 223 other Ford Explorer lawsuits, a graph showing deaths nationwide and in other countries (not previously produced), deposition excerpts from other cases (including the federal MDL case), and the affidavit of a statistician who had not previously been listed as a witness. Ford moved to strike the respondent’s motion and notice on a number of grounds (including the alleged unconstitutionality of section 69.081).
 

 At the hearing, the trial court declined to hear Ford’s witnesses. A review of the transcript of the hearing discloses that it was not an evidentiary hearing in any traditional sense of that term, but rather a lengthy colloquy between the respondent’s counsel and the trial court, a limited amount of questioning directed by the court to Ford’s counsel, and then a review by the court of documents that were not authenticated or introduced into evidence.
 
 [3]
 
 Nonetheless, the trial court found that it had previously heard sufficient evidence of the dangerousness of the Ford Explorer (presumably in the hearing on the respondent’s motion to amend the complaint to add a claim for punitive damages and regarding the admissibility of “other similar incident” evidence), and it therefore granted the respondent’s motion. The trial court’s order on the notice and motion found “Ford Explorer Models UN 46, UN 105, and UN 150”
 
 [4]
 
 to be “public hazards” under section 69.081, which “have caused and are likely to cause additional injury to the motoring public.” The order also
 
 *102
 
 found that the statute was constitutional. Ford’s petition to this Court followed.
 

 The Statute
 

 Section 69.081, captioned “Sunshine in litigation; concealment of public hazards prohibited,” prohibits a court from entering an order or judgment concealing “a public hazard or any information concerning a public hazard” or “any information which may be useful to members of the public in protecting themselves from injury which may result from the public hazard.” A party seeking confidentiality for such information, including trade secrets, must file a motion and show good cause for the request, at which point the court “shall” examine the disputed information or materials in camera.
 
 [5]
 

 The statute does not invite notices or motions simply to determine that a particular “device, instrument, person, procedure, product, or condition [of a device, etc.]” is a public hazard. As the caption and contents of the provision make clear, and as it pertains to this record, the statute governs attempts by a litigant to avoid disclosure of specific information or documents to the public.
 
 See Goodyear Tire & Rubber Co. v. Schalmo,
 
 987 So.2d 142 (Fla. 2d DCA 2008).
 

 The statute also does not address an important aspect of the record here, in which a federal court with jurisdiction over the MDL case has entered a confidentiality order by which the respondent admits she is bound. The respondent and the trial court apparently believed that the MDL court need not be advised of, and need not grant consent to, the respondent’s attempt to alter the federal confidentiality order. Nor does the statute suggest what happens when the allegedly-confidential documents sought to be disclosed on “public hazard” grounds are subject to the attorney-client privilege or work product doctrine. The respondent’s motion expressly asked the state trial court to apply the statute so as to prevent Ford from concealing information
 
 including
 
 “trade secrets and other protected, confidential, and/or alleged privileged documents.” These questions might have been considered if the respondent made such a motion with respect to particular categories of documents rather than in a vacuum devoid of such details.
 

 The Second District has held in a similar case that the parties must be afforded an opportunity to present evidence when the statute is sought to be invoked in this fashion.
 
 E.I. DuPont De Nemours & Co. v. Lambert,
 
 654 So.2d 226 (Fla. 2d DCA 1995).
 

 Analysis
 

 First, Florida’s Sunshine in Litigation Act, § 69.081, Fla. Stat. (2008), is applicable only if the trial court has entered a confidentiality order, or if there is a pending motion by the defending party for a confidentiality order.
 
 See id.
 
 § 69.081(3);
 
 Goodyear Tire & Rubber Co. v. Jones,
 
 929 So.2d 1081, 1084 (Fla. 3d DCA 2005). The trial court has never entered a confidentiality order in this case, nor is there a pending motion for a confidentiality order filed by Ford. The respondent’s motion under section 69.081 should have been summarily denied.
 

 Second, the respondent acknowledges that she is bound by a confidentiality order entered by the United States District Court for the Southern District of Indiana in MDL litigation. Florida’s Sunshine in Litigation Act does not override the terms
 
 *103
 
 of the federal court order. If the respondent wishes to have relief from the federal order, she must apply to the federal district court.
 

 Third, the respondent failed to provide Ford with adequate notice of (a) those documents the respondent sought to have examined in camera pursuant to the statute and (b) those witnesses and documents that would be relied upon by the respondent at the noticed evidentiary hearing to demonstrate that the Ford Explorer is a public hazard. The trial court did not conduct a formal, trial-like evidentiary hearing at which each side was permitted to offer evidence, make objections, and create a traditional evidentiary record. The respondent did not prepare, file, or serve a witness and exhibit list or a designation of specific testimony sought to be introduced. Testimony, deposition excerpts, and documents were not offered, admitted, or catalogued into the record of the hearing. The hearing transcript plainly demonstrates that Ford was not afforded the basic elements of reasonable notice of the evidence to be offered, a chance in court to object to the admissibility of deposition testimony and exhibits, and then a chance to present its own case in opposition.
 
 Lambert,
 
 654 So.2d at 228.
 

 Fourth, the respondent’s motion and the order are overbroad, covering three model types and eleven model years (1990-2000), though the vehicle involved in the lawsuit was only one of the model types and model year 1996. These infirmities are, both individually and collectively, a departure from the essential requirements of law.
 

 We also find irreparable injury that should not await review until a plenary appeal. The label “public hazard” is not to be affixed to an allegedly-dangerous product “like you would buckle a collar on a bird dog or paste a tag on an express package that is being forwarded to a friend.”
 
 [6]
 
 Attention to a proper evidentiary hearing and due process are plainly required. Such a label has significant and far-reaching consequences in a day when court orders can make it around the world before the sun sets on the day they are filed. The respondent’s counsel, who include lawyers and firms involved in many other lawsuits against Ford, wasted no time in disseminating the order. The statute was intended to preclude the concealment of specific information about a “public hazard,” not simply to provide a tactical pejorative for counsel to use in other cases.
 

 Finally, although Ford has raised and preserved substantial questions regarding the constitutionality of the statute, both on its face and as applied, we decline to address those issues because of the well-settled principle of judicial restraint applicable to constitutional claims. Here, as in
 
 North Florida Women’s Health & Counseling Services, Inc. v. State,
 
 866 So.2d 612, 640 (Fla.2003), “resolution of those claims is unnecessary for the disposition of this case.”
 

 Conclusion
 

 For all these reasons, we grant the petition and quash the circuit court “Order Determining Public Hazard Pursuant to Florida Statute § 69.081” dated November 19, 2008.
 

 Petition granted.
 

 [1]
 

 .
 
 Ford Motor Co. v. Flall-Edwards,
 
 990 So.2d 1073 (Fla. 3d DCA 2008) (denying a petition for prohibition following the trial court’s denial of a motion to disqualify);
 
 HaLl-Edwards,
 
 997 So.2d 1148 (granting a petition for prohibition regarding privileged documents and work product);
 
 Ford Motor Co. v. Hall-Edwards,
 
 5 So.3d 786 (Fla. 3d DCA 2009) (granting a petition for certiorari, without prejudice, regarding plaintiffs amendment to add a claim for punitive damages). The quotation appears in the second of these cited cases, 997 So.2d at 1152.
 

 [2]
 

 . Subsection (2) of the statute defines “public hazard" to mean "an instrumentality, including but not limited to any device, instrument, person, procedure, product, or a condition of a device, instrument, person, procedure, or product, that has caused and is likely to cause injury."
 

 [3]
 

 . The respondent maintains that Ford was invited to put on evidence and did not. Because the hearing was an evidentiary proceeding in name only, Ford correctly complained that it did not know what evidence the plaintiff had actually introduced, what matters had been considered by the trial court, and what exhibits were in the record.
 

 [4]
 

 .These codes represent Ford Explorer model years 1990-94 (UN 46); 1995-97 (UN 105); and 1998-2000 (UN 150). The vehicle involved in this case was, as noted, a 1996 Ford Explorer.
 

 [5]
 

 . Subsection (4) of the statute, though not implicated in this proceeding, also invalidates agreements or contracts concealing public hazards or information useful to the public in protecting themselves from injury that may result from the public hazard.
 

 [6]
 

 .
 
 Lee v. Sas,
 
 53 So.2d 114, 116 (Fla. 1951). Justice Terrell referred to slushy evidence about an alleged lien rather than an allegedly-defective product, but his description is apt.