# Third District Court of Appeal

## State of Florida

Opinion filed August 3, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2075
Lower Tribunal No. F93-30334
_____

**Tyrone Jordan,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, William Altfield, Judge.

Tyrone Jordan, in proper person.

Ashley Moody, Attorney General, and Magaly Rodriguez, Assistant Attorney General, for appellee.

Before EMAS, LOGUE, and MILLER, JJ.

MILLER, J.

Appellant, Tyrone Jordan, challenges the denial of his petition for writ of habeas corpus or, alternatively, motion to correct illegal sentence. After Jordan was convicted of burglary with an assault or battery and robbery in violation of sections 810.02(2)(a) and 812.13(2)(c), Florida Statutes (1993), the lower tribunal vacated his original sentence and then, acting under the erroneous assumption it was obligated to impose a life sentence for the burglary count, resentenced him, in his absence, to concurrent terms of life and thirty years, respectively, as a habitual violent felony offender.[1] Jordan has previously unsuccessfully assailed the newly-imposed sentence through direct appeal and collateral attacks, and, ordinarily, under the law of the case doctrine, this would foreclose any avenue for relief. See Jordan v. State, 225 So. 3d 820 (Fla. 3d DCA 2017); Jordan v. State, 319 So. 3d 640 (Fla. 3d DCA 2020); see also Swain v. State, 911 So. 2d 140, 143 (Fla. 3d DCA 2005) (quoting State v. McBride, 848 So. 2d 287, 289 (Fla. 2003)) ("The law of the case doctrine requires that 'questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings.'"). Appellate courts, however, possess "the power to reconsider and correct erroneous rulings [made in earlier appeals] in exceptional circumstances and where reliance on the previous decision

_____

[1] The count for robbery further carried a ten-year minimum mandatory.

would result in manifest injustice." State v. Akins, 69 So. 3d 261, 268 (Fla. 2011) (alteration in original) (quoting Muehleman v. State, 3 So. 3d 1149, 1165 (Fla. 2009)). Here, the record reflects the trial court believed that, once it determined Jordan qualified as a habitual violent felony offender, the imposition of a life sentence for burglary was mandatory rather than permissive. See § 775.084(4)(b), Fla. Stat. This was incorrect, and requiring Jordan to serve a life sentence without due consideration of viable alternatives implicates manifest injustice. Accordingly, we reverse and remand for reconsideration of the sentence. Jordan is entitled to be present and represented by counsel at the resentencing hearing.[2] See Jordan v. State, 143 So. 3d 335, 338 (Fla. 2014) ("Florida Rule of Criminal Procedure 3.180(a)(9) requires the defendant's presence 'at the pronouncement of judgment and the imposition of sentence.' We have extended this right to resentencing hearings as well."); see also Walker v. State, 389 So. 2d 312, 313 (Fla. 2d DCA 1980) (vacating an impermissible general sentence and stating defendant has right to be present at resentencing hearing).

Petition granted.

---

[2] Having examined the verdict form, we reject Jordan's further contention that his Apprendi-related claim was denied in error. See Apprendi v. New Jersey, 530 U.S. 466 (2000).