BASKIN, Judge.
Phillips 66 Company [Phillips] appeals the entry of final summary judgment on the issue of liability in an action instituted by International Tele-Coin Company [ITC] to recover damages for breach of contract. We reverse.
ITC sued Phillips for damages stemming from Phillips’ alleged breach of five contracts governing the installation and operation of pay telephones at five Phillips service stations. On January 4, 1990, ITC filed a motion for summary judgment and notice of hearing for February 19, 1990. *1220 ITC rescheduled the hearing for January 30, 1990, mailing the notice of hearing on January 24, 1990. Counsel for Phillips received the notice of hearing on January 26, 1990, and immediately requested a continuance. The trial court denied the motion and, on January 30, 1990, granted summary judgment in favor of ITC. Phillips filed a timely appeal.
Florida Rule of Civil Procedure 1.510(c) provides that a motion for summary judgment shall be served at least twenty days prior to the hearing date. The committee notes to the rule state that “it would be reversible error to grant relief on shorter notice.” (Emphasis supplied). Additionally, this court held in Fernandez v. Moreno, 176 So.2d 587, 589 (Fla. 3d DCA 1965) (quoting from John K. Brennan Co. v. Central Bank & Trust Co., 164 So.2d 525 (Fla. 2d DCA 1964)):
Due proceess [sic] requires that before a summary judgment is authorized to be entered against a non-moving party, it must be shown that he has had a full and fair opportunity to meet the proposition that there is no genuine issue of a material fact and that the party for whom the summary judgment is rendered or ordered to be entered is entitled thereto as a matter of law.
In the case before us, Phillips’ counsel reasonably expected that the hearing set for February 19th would not be held until that date and scheduled discovery accordingly. ITC’s rescheduling of the hearing to a date twenty days earlier than originally planned, providing only four days notice to opposing counsel, left Phillips inadequate time to prepare for the hearing. The trial court erred when it denied Phillips’ motion for continuance and deprived Phillips of its due process rights. Furthermore, the presence of genuine issues of material fact precludes the entry of summary judgment, Holl v. Talcott, 191 So.2d 40 (Fla.1966). Accordingly, we reverse and remand for further proceedings.
Reversed and remanded.