PER CURIAM.
We have on appeal a decision of the Second District Court of Appeal that expressly declares a state statute unconstitutional. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
In County of Pasco v. Riehl, 620 So.2d 229 (Fla. 2d DCA 1993), the district court affirmed an order permanently enjoining the County of Pasco from enforcing a dangerous dog classification pursuant to section 767.12, Florida Statutes (1991). The court found that a pre-deprivation hearing had to take place before a dog could be declared dangerous under the statute and because section 767.12 did not provide for such a hearing, the statute was unconstitutional. We agree.[1]
*18 On October 20, 1991, twelve-year-old Eric Fletcher was with some friends at the Riehl’s home when he was bitten by the Riehl’s dog, Sheba. Following a report of the dog bite, the Pasco County Sheriffs Department and the county Department of Animal Control investigated the incident and found that the dog’s rabies shots were not current. Animal control advised the Riehls of a required quarantine period and issued an animal bite quarantine notification. Eric’s mother filed a dangerous dog affidavit and on November 23, 1991, animal control issued a Notice of Dangerous Dog Classification. The Riehls sought an injunction preventing Pasco County from issuing this classification, claiming their dog was not dangerous and only bit Eric after he struck the dog several times with a pool stick.
The trial court found, by a preponderance of the evidence, that Sheba bit Erie only after the dog was provoked. The court held that evidence of such conduct by Eric was an absolute defense to the dangerous dog classification and enjoined the county from issuing the classification. The county appealed to the district court which affirmed.
Chapter 767, Florida Statutes (1989), previously provided that dog owners were liable for damages done by their dog. The statute was amended in 1990 to set forth uniform requirements for owners of “dangerous” dogs.[2] The amended statute provides that if a dog is classified as “dangerous,” the owner is then subject to requirements and restrictions substantially more rigid than those required before classification. The statute provides that after the dog is classified as “dangerous,” and upon an additional incident, the dog is destroyed unless proven on appeal that the dog is not dangerous. See § 767.-13(1), F3a.Stat. (1991). Section 767.12(1) states that a dog should not be declared dangerous if the “threat, injury, or damage was sustained by a person who ... while lawfully on the property, was tormenting, abusing, or assaulting the dog or its owner.”
The district court determined that the statute allowed substantial restrictions and penalties to be placed upon the owner’s use and enjoyment of his property without affording an opportunity to a prior hearing on the matter. The court held that this failure to afford the owner an opportunity to be heard rendered the statute unconstitutional. We find the district court’s opinion persuasive.
The Due Process Clause of the Fourteenth Amendment requires that deprivation of life, liberty, or property be preced *19 ed by a notice and opportunity for hearing appropriate to the nature of the case. Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965). In the instant case, the Riehl’s private property was subject to, among other things, physical confinement, tattooing or electric implantation, and muzzling. In the aggregate, these restrictions are a deprivation of property and before such restrictions are imposed the property owner must be afforded an opportunity to be heard. Accordingly, we find that the Riehls suffered a deprivation of property without benefit of a hearing, and such deprivation was a violation of their procedural due process rights. The decision of the district court of appeal is affirmed. We remand for proceedings consistent with this opinion.[3]
It is so ordered.
BARKETT, C.J., and OVERTON, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, j., concurs with an opinion.

. The relevant portion of section 767.12, Florida Statutes (1991), provides:
*18 (1) An animal control authority shall investigate reported incidents involving dogs that may be dangerous and shall require sworn affidavits from individuals desiring to have a dog classified as dangerous. The animal control authority shall determine if a dog is to be classified as dangerous and shall immediately provide written notification by registered mail or certified hand delivery to the owner of a dog that has been classified as dangerous. A dog shall not be declared dangerous if the threat, injury, or damage was sustained by a person who, at the time, was unlawfully on the property or, while lawfully on the property, was tormenting, abusing, or assaulting the dog or its owner.
(2) Within 30 days after a dog has been classified as dangerous, the owner of the dog must obtain a certificate of registration for the dog from the animal control authority serving the area in which he resides, and the certificate shall be renewed annually. Animal control authorities are authorized to issue such certificates of registration, and renewals thereof, only to persons who are at least 18 years of age and who present to the animal control authority sufficient evidence of:
(a)A current certificate of rabies vaccination for the dog.
(b) A proper enclosure to confine a dangerous dog and the posting of the premises with a clearly visible warning sign at all entry points that informs both children and adults of the presence of a dangerous dog on the property.
(c) Permanent identification of the dog, such as a tattoo on the inside thigh or electric implantation.
The appropriate governmental unit may impose an annual fee for the issuance of certificates of registration required by this section.
[[Image here]]
(4) It is unlawful for the owner of a dangerous dog to permit the dog to be outside a proper enclosure unless the dog is muzzled and restrained by a substantial chain or leash and under control of a competent person. The muzzle shall be made in a manner that will not cause injury to the dog or interfere with its vision or respiration but shall prevent it from biting any person or animal. When being transported, such dogs shall be safely and securely restrained within a vehicle.

. Ch. 90-180, Laws of Fla.

. An animal becomes private property when it is under the "private control, confinement and possession” of an owner. Barrow v. Holland, 125 So.2d 749, 751 (Fla. 1960).