QUINCE, Judge.
E.I. DuPont De Nemours & Company (DuPont) appeals an order setting aside a confidentiality order. Because the trial court did not afford DuPont procedural due process, we reverse.
Billy Lambert and others (the appellees) brought suit against DuPont and others alleging that ornamental plants grown for commercial sale were harmed by Benlate® 50 DF (Benlate). The suit against DuPont was based upon negligence and strict liability.
The appellees’ claims were confined strictly to loss of profits to their commercial enterprise. During the course of pretrial discovery, the parties introduced no evidence regarding possible health effects of Benlate, nor any evidence suggesting Benlate had caused or would cause personal injury.
Because of the complexity of the litigation, DuPont made documents available to the plaintiffs which contained confidential, proprietary and trade secret information. This information was made available after the court issued a confidentiality order.
The Department of Agriculture and Consumer Services (Department) and the Lake-land Publishing Corporation, doing business as the Lakeland Ledger (Ledger), filed motions pursuant to the Sunshine in Litigation Act (Sunshine Act),' section 69.081, Florida Statutes (1991), to set aside the confidentiality order. Based upon allegations that Ben-late was a public hazard pursuant to section *228 69.081, the motions sought to have the confidential information made available to the public. DuPont responded by describing the confidential, proprietary, and trade secret significance of the protected documents.
The Sunshine Act claims advanced together with pretrial activity in the underlying suit. The Sunshine Act portion of the litigation was set for trial several times but was continued prior to each hearing. Before a hearing was held on the Sunshine Act issues, the jury returned a verdict in favor of the appellees in the underlying suit. Following the verdict, the trial court found Benlate a public hazard on the basis of evidence it had heard when presiding over the trial. The court then set aside its earlier confidentiality order almost in its entirety. Over objection, the court did not allow the parties a hearing on the merits of the Sunshine Act issues.
 Due process mandates that in any judicial proceeding, the litigants must be afforded the basic elements of notice and opportunity to be heard. County of Pasco v. Riehl, 635 So.2d 17 (Fla.1994); Cavalier v. Ignas, 290 So.2d 20 (Fla.1974). The Department, the Ledger, and DuPont proceeded in this litigation anticipating a separate hearing solely on the Sunshine Act issues. Not only were separate witness lists exchanged in anticipation of the hearing, but also numerous hearings were both scheduled and held with the sole issues being related to this aspect of the litigation. Furthermore, DuPont argued the evidence and arguments concerning the Sunshine Act litigation would not be encompassed in the underlying suit.
The trial court’s summary resolution of the Sunshine Act issues without giving the parties an opportunity to present evidence was error. Riehl; Fickle v. Adkins, 394 So.2d 461 (Fla. 3d DCA 1981). We reverse and remand for an evidentiary hearing on the issues involved with the Sunshine in Litigation Act, including the constitutionality of the statute.
FRANK, C.J., and THREADGILL, J., concur.