966 So.2d 1022 (2007)
Robert W. VOLLMER, Appellant,
v.
KEY DEVELOPMENT PROPERTIES, INC., an Indiana corporation, f/k/a Key Financial Corp., Appellee.
Nos. 2D06-4161, 2D06-5714.
District Court of Appeal of Florida, Second District.
October 19, 2007.
*1025 Rodney L. Salvati, Venice, for Appellant.
Robert W. Vollmer, pro se.
William E. Stockman of DeBoest, Stockman, Decker, Broughton & Hagan, P.A., Fort Myers, for Appellee.
STRINGER, Judge.
This is the latest appeal in a ten-plus-year mortgage foreclosure action brought by Key Development Properties against Robert Vollmer. In this appeal, Vollmer seeks review of two orders that disbursed funds held in the court registry to Key Development. Vollmer argues that the trial court denied him due process when it entered each order. We agree and reverse.

Background Facts
This case began as a mortgage foreclosure action filed by Key Development on a mortgage with a face value of $72,828.50. It ultimately blossomed into a six-count complaint by Key Development with a fifteen-count counterclaim by Vollmer. After extensive proceedings in the trial court and in this court, the case proceeded to a jury trial. On April 2, 2004, following the jury trial, the trial court entered a final judgment that awarded Key Development $162,738.21 on its claims and Vollmer $25,566.49 on his counterclaims based in part on the jury's verdict and in part on directed verdicts entered by the trial court. The trial court also reserved jurisdiction to consider Key Development's claims for attorney's fees and costs. On April 5, 2004, Vollmer paid $120,645.15 into the registry of the court in an effort to satisfy a portion of the final judgment.[1] Vollmer then appealed the final judgment to this court. This court subsequently affirmed the final judgment. Vollmer v. Key Dev. Props., Inc., 908 So.2d 1073 (Fla. 2d DCA 2005) (table decision).
During the pendency of that appeal, the trial court entered an order finding Key Development entitled to an award of attorney's fees and costs. After mandate issued from this court, the trial court held a hearing on the amount of fees and costs reasonably incurred by Key Development. At the conclusion of that hearing, the trial court entered a "Supplemental Final Judgment in Foreclosure and for Assessment of Reasonable Attorney's Fees" on April 27, 2006. This supplemental final judgment "reaffirmed and ratified" the final judgment dated April 2, 2004. It also calculated the postjudgment interest due to Key Development as of April 27, 2006, and determined the amount of attorney's fees, interest on attorney's fees, and costs due to Key Development. According to the supplemental final judgment, the amount due to Key Development as of that date *1026 was $395,912.24. No calculation was made in the supplemental final judgment of the postjudgment interest due to Vollmer on the counterclaims on which he prevailed. The supplemental final judgment set the foreclosure sale of Vollmer's property for May 31, 2006.
The foreclosure sale was subsequently stayed by this court when Vollmer filed a petition for writ of certiorari. After this court denied Vollmer's petition on June 23, 2006, the foreclosure sale was rescheduled for August 23, 2006.
During late June and early July 2006, Vollmer and his counsel contacted Key Development's counsel on several occasions seeking a determination of the redemption amount that Vollmer needed to pay to redeem his property and cancel the foreclosure sale. Counsel for Key Development refused to provide a redemption amount to Vollmer or his counsel. On August 3, 2006, Vollmer appeared at the Clerk of Court's office seeking to pay into the court registry the amount needed to redeem his property and cancel the foreclosure sale. Personnel in the Clerk's office contacted counsel for Key Development seeking a redemption amount. Counsel for Key Development refused to provide the Clerk with this information. Ultimately, the Clerk made a rough calculation of the redemption amount based on the daily interest figures included in the supplemental final judgment. Based on the Clerk's calculations, Vollmer paid $410,774.74 into the registry of the court to redeem his property. Thus, as of August 3, 2006, there was $531,419.89 in the court registry to satisfy the supplemental final judgment in favor of Key Development.
On August 7, 2006, Vollmer filed a motion seeking to be permitted to withdraw the $120,645.15 that he had paid into the registry of the court back in April 2004. On August 11, 2006, Key Development filed a motion seeking an order directing the Clerk to disburse $405,500.12 to it from the registry in satisfaction of the supplemental final judgment. Key Development asserted that the additional $9587.88 that it sought was for additional interest, attorney's fees, and costs that had accrued since entry of the supplemental final judgment on April 27, 2006. The trial court held a hearing on these motions on August 22, and subsequently granted in part Vollmer's motion to withdraw the funds deposited in April 2004. The trial court also granted Key Development's motion in part and directed the clerk to disburse $404,698.24 to Key Development. The trial court took Key Development's motion under advisement to the extent that it sought additional attorney's fees and requested that Key Development file a memorandum of law within ten days concerning its entitlement to those amounts.
On September 13, 2006, without having filed the memorandum requested by the court, Key Development filed a motion seeking an order directing the Clerk to disburse the balance of the funds in the registry of the court to it. Key Development set this motion for hearing on October 23, 2006, without clearing the hearing time with Vollmer.
On September 29, 2006, Vollmer filed a "Notice of Unavailability," in which he asserted that he would be out of the state on October 23, and in which he requested that the court cancel the October 23 hearing and reschedule it to a date on which he would be available. There is no indication in the record that Vollmer set this motion for hearing.
On October 23, the trial court went forward with the hearing on Key Development's motion without Vollmer present. The trial court subsequently granted Key Development's motion in part and entered an order on November 3, 2006, directing *1027 the Clerk to disburse an additional $3452.30 to Key Development and the remaining $47.60 to Vollmer.[2]
In these consolidated appeals, Vollmer seeks review of both orders disbursing funds to Key Development. As to each order, Vollmer contends that the trial court denied him due process by preventing him from having any meaningful participation in the hearings. We address each order in turn.

August 29, 2006, Order
Vollmer first contends that the trial court denied him due process by refusing to allow him to participate in the evidentiary hearing held on August 22, 2006, which resulted in the August 29 order that disbursed $404,698.24 to Key Development. We agree.
The transcript of the August 22 hearing shows that Vollmer was representing himself at that time. The trial court began by hearing from Key Development's counsel in what was, in essence, an opening statement. The trial court then allowed Key Development to call one of its attorneys as a witness. The trial court then called, as court witnesses, personnel from the Clerk's office to testify concerning the calculation of the redemption amount.
Throughout the hearing, Vollmer repeatedly requested that he be permitted to testify, that he be permitted to cross-examine Key Development's witnesses, and that he be permitted to argue his position to the court. The trial court repeatedly assured Vollmer that he would be permitted to do all of these things "later." However, the trial court released the witnesses without permitting Vollmer to cross-examine them and then engaged in a discussion with only "us legally trained types" concerning the calculation of the redemption amount. When Vollmer again requested the opportunity to cross-examine Key Development's witness, the court told Vollmer that it would not allow him to do so because "you're going to want to cross-examine about a lot of things that are not related to this issue today." The trial court then entered the order disbursing funds based solely on what Key Development represented was the amount owed to it. The trial court never allowed Vollmer to testify, never allowed Vollmer to cross-examine any of the witnesses, and never allowed Vollmer to argue his position.
As Vollmer properly points out, the constitutional guarantee of due process requires that each litigant be given a full and fair opportunity to be heard. County of Pasco v. Riehl, 635 So.2d 17, 18 (Fla. 1994); E.I. DuPont De Nemours & Co. v. Lambert, 654 So.2d 226, 228 (Fla. 2d DCA 1995); Edelman v. Breed, 836 So.2d 1092, 1094 (Fla. 5th DCA 2003). The right to be heard at an evidentiary hearing includes more than simply being allowed to be present and to speak. Baron v. Baron, 941 So.2d 1233, 1236 (Fla. 2d DCA 2006). Instead, the right to be heard includes the right to "introduce evidence at a meaningful time and in a meaningful manner." Id. (quoting Brinkley v. County of Flagler, 769 So.2d 468, 472 (Fla. 5th DCA 2000)). It also includes the opportunity to cross-examine witnesses and to be heard on questions of law. Baron, 941 So.2d at 1236. The violation of a litigant's due process right to be heard requires reversal. Riehl, 635 So.2d at 18; E.I. DuPont De Nemours & Co., 654 So.2d at 228.
Here, the transcript of the evidentiary hearing demonstrates that the *1028 trial court refused to permit Vollmer to participate in the hearing in any meaningful way. While the trial court repeatedly assured Vollmer that he would be allowed to participate, it ultimately ruled without allowing him to do so. We understand the trial court's concern that the hearing be limited to the issues raised by the motions set for hearing; however, the trial court may not refuse to permit a pro se litigant to participate in a hearing simply to foreclose the possibility of collateral matters being raised. The trial court's actions in doing so in this case constituted a deprivation of Vollmer's due process rights.
In this appeal, Key Development argues that any error by the trial court was harmless because the trial court's entry of this order was simply a ministerial act. Key Development is correct that the amounts awarded in the supplemental final judgment were conclusive and that Vollmer could not use the hearing on the motion to disburse funds as an opportunity to relitigate the merits of that judgment. See, e.g., Provident Nat'l Bank v. Thunderbird Assocs., 364 So.2d 790, 794 (Fla. 1st DCA 1978) ("No attack having been made on the final judgment of foreclosure, upon it becoming final the obligations between the parties, insofar as the mortgage foreclosed was concerned, became fixed."). Key Development is also correct that it was entitled to disbursement of the amount awarded to it in the supplemental final judgment plus accrued interest. The problem is that the August 29 order disbursed more than that amount to Key Development.
At the hearing, Key Development argued that it was entitled to an order disbursing $395,912.24 plus the postjudgment interest that had accrued since entry of the supplemental final judgment on April 27, 2006. However, Key Development failed to tell the trial court that Vollmer had prevailed on some of his counterclaims and had been awarded $25,566.49 on one of those counterclaims. The judge presiding over this hearing was a successor judge who admitted on the record that he was not familiar with all of the issues surrounding the supplemental final judgment. Because the trial court refused to allow Vollmer to speak, he was unable to alert the trial court to the amount due to him under the supplemental final judgment. Thus, the trial court was led into disbursing the gross amount of the judgment entered in favor of Key Development rather than the net amount of the judgment due to it after the offset for Vollmer's recovery on his counterclaims. This resulted in an overpayment to Key Development of $25,566.49. Therefore, contrary to Key Development's arguments, the error in denying Vollmer his due process rights was not harmless.
The trial court's error in denying Vollmer his due process right to be heard at the August 22 hearing requires us to reverse the August 29 order. On remand, the trial court shall order Key Development to pay the $25,566.49 overpayment it received back into the court registry and shall order that those funds be disbursed to Vollmer. In addition, Vollmer is entitled to postjudgment interest on this overpayment at the statutory rate from the date the overpayment was actually disbursed to Key Development until the date the funds are paid back into the court registry. Thus, the trial court shall calculate the amount of postjudgment interested owed to Vollmer and shall enter judgment in favor of Vollmer for that amount.

November 3, 2006, Order
Vollmer next contends that the trial court denied him due process by holding the hearing on Key Development's motion to disburse the remainder of the funds in *1029 the court registry in Vollmer's absence. We agree on this point as well.
At the August 22 hearing, Key Development requested that it be awarded postjudgment attorney's fees and costs for the time its counsel spent litigating the disbursement issue. The trial court refused to rule on this request, instead telling Key Development that it was "willing to take a memorandum of law" on the issue of whether Key Development was entitled to additional attorney's fees. The court expressed serious reservations concerning this request because of Key Development's outright refusal to provide a redemption amount to either Vollmer or the Clerk when specifically asked. The court asked for a memorandum "within ten days" on the issue of whether Key Development could properly refuse to provide a redemption amount in the face of specific requests for that information.
On September 13, 2006, without having filed the memorandum requested by the court, Key Development filed a motion seeking disbursement of the remainder of the funds in the court registry to satisfy its claim for these as yet unadjudicated attorney's fees and costs. Key Development set the hearing on this motion for October 23 without clearing the hearing time with Vollmer. The notice of hearing was served on Vollmer on September 18, 2006.
On September 29, 2006, Vollmer filed a pleading entitled "Notice of Unavailability." In this "notice," Vollmer asserted that he was unavailable for the hearing until after November 27, 2006, due to a "continued family emergency, prior out of town commitments and the search for a new attorney." Vollmer then requested that "this court cancel the hearing date of October 23, 2006, until a later date after November 27, 2006." Despite this notice, the trial court went ahead with the hearing as scheduled, presumably taking evidence on the issue of Key Development's claim for additional postjudgment attorney's fees and costs and entering an order disbursing additional funds to Key Development. Thus, while the trial court never explicitly ruled on Vollmer's motion to continue, it effectively denied that motion when it held the hearing in Vollmer's absence.
Although trial courts are endowed with rather broad discretion in deciding whether to grant or deny a motion for continuance, the exercise of that discretion is not absolute. We are charged with the task of reviewing a court's decision on a continuance motion and setting it aside if we determine the trial court abused its discretion. This court considers certain factors in making that determination, including 1) whether the movant suffers injustice from the denial of the motion; 2) whether the underlying cause for the motion was unforeseen by the movant and whether the motion is based on dilatory tactics; and 3) whether prejudice and injustice will befall the opposing party if the motion is granted.
Myers v. Siegel, 920 So.2d 1241, 1242 (Fla. 5th DCA 2006) (internal citations omitted). It is generally reversible error to refuse to grant a motion for continuance when a party or his counsel is unavailable for physical or mental reasons, which unavailability prevents fair and adequate presentation of the party's case. A.P.D. Holdings, Inc. v. Reidel, 865 So.2d 682, 683 (Fla. 4th DCA 2004); Lopez v. Lopez, 689 So.2d 1218, 1219 (Fla. 5th DCA 1997); Ziegler v. Klein, 590 So.2d 1066, 1067 (Fla. 4th DCA 1991); see also Thompson v. Gen. Motors Corp., 439 So.2d 1012, 1013 (Fla. 2d DCA 1983) (holding that it was an abuse of discretion to refuse to grant continuance when attorney's illness prevented his appearance at trial).
*1030 Under the facts of this case, the trial court's de facto denial of Vollmer's motion to continue constituted an abuse of discretion. First, there is some evidence that the underlying cause for the motion was unforeseen by Vollmer. The trial court had told Key Development that it wanted a memorandum of law within ten days of the August 22 hearing explaining why Key Development was entitled to additional attorney's fees and costs. Key Development did not file such a memorandum. Thus, Vollmer had no reason to expect that Key Development would file a motion and set a hearing on its request for additional attorney's fees when Key Development had not complied with the trial court's request for a memorandum of law on the issue. Vollmer also had no reason to expect that Key Development would set the matter for hearing without attempting to clear the hearing time with him. Moreover, Vollmer had explained to the trial court at the August 22 hearing that his father, who lived out of state, had suffered a medical emergency that required Vollmer to be out of state, and this was reiterated in his motion to continue. Thus, it was not unforeseen to Key Development that Vollmer might be out of state on the date of a hearing it chose to schedule unilaterally.
Second, it is clear that Vollmer was prejudiced by the trial court's decision to hold the hearing in his absence. Because Vollmer was not present at the hearing, he was, once again, denied his due process right to cross-examine Key Development's witnesses and to testify on his own behalf. He was also denied the opportunity to be heard on the disputed legal issue of whether Key Development was entitled to additional attorney's fees. At the close of the hearing, the trial court awarded Key Development an additional $3452.30 without any input from Vollmer. The prejudice to Vollmer on these facts is patent.
Third, there is nothing in the record to show that Key Development would have been prejudiced by a one-month delay in this hearing. The litigation had been ongoing for almost ten years at the time of the hearing. Key Development had received over $400,000 less than two weeks before the motion for additional disbursements was filed and less than two months before the hearing was held. Key Development cites to nothing in the record to show that it would have been prejudiced by a brief delay to allow Vollmer to attend the hearing.
In its brief to this court, Key Development asserts that the continuance was properly denied due to Vollmer's "dilatory tactics." However, nothing in the record shows that Vollmer engaged in any "dilatory tactics," particularly as related to this motion. The allegations of "dilatory tactics" are not supported by evidence sufficient to warrant the complete denial of Vollmer's due process right to be heard before having additional damages awarded against him.
Given these facts, the trial court abused its discretion in holding the October 23 hearing in Vollmer's absence. This is particularly true in light of the trial court's previously stated reservations, with which we are inclined to agree, concerning whether Key Development was entitled to any additional attorney's fees when it had incurred those fees solely because of its own refusal to cooperate. Accordingly, we reverse the November 3 order that resulted from the October 23 hearing and remand for reconsideration after a new hearing that accords Vollmer the due process to which he is entitled.
Reversed and remanded with instructions.
*1031 CASANUEVA, J., and DAKAN, STEPHEN L., Associate Senior Judge, concur.
NOTES
[1] Nothing in the limited record before this court explains how Vollmer calculated this amount. The net judgment due to Key Development under the final judgment dated April 2, 2004, was $137,171.72 ($162,738.21-$25,566.49).
[2] The difference between the amounts deposited in the registry and the amounts disbursed represent the Clerk's registry fees.