DAVIS, Judge.
Wolf Weinhold, individually, and Wolf Weinhold & Co. (the Company) challenge the trial court’s August 25, 2009, Final Judgment Confirming Arbitration Awards and August 31, 2009, order denying their motions for continuance and to dismiss the complaint and vacate the arbitration awards.[1] Because the trial court abused its discretion in denying Mr. Weinhold’s emergency motion for continuance, we reverse the final judgment confirming the arbitration awards and remand for the trial court to reconsider the motion to dismiss the complaint and vacate the arbitration awards.
Kabe Planungsgesellschaft Fur Schlus-selfertiges Bauen MBH (Kabe) was the seller of two adjoining pieces of property. The Company entered into a contract to purchase them after placing preauction bids. Mr. Weinhold submitted personal checks as deposits on the properties. However, the sales transaction never went to closing, and the deposit checks were returned for insufficient funds. Kabe sued the Company for breach of contract and Mr. Weinhold, individually, for worthless check damages.
The contract between Kabe and the Company contained an arbitration agreement. An arbitration panel concluded that the Company was required by contract to arbitrate the dispute. The panel further concluded that although Mr. Weinhold did not sign the agreement in an individual capacity, his participation in the arbitration proceedings regarding the claim on the worthless deposit checks would not be burdensome because of his required presence as a witness on the claim against the Company. The panel ultimately concluded that both the Company and Mr. Weinhold owed damages and attorney’s fees to Kabe.
Prior to the confirmation of these arbitration awards by the trial court, the Company and Mr. Weinhold asked the trial court to dismiss the complaint and vacate the arbitration awards. Their motion alleged that the arbitration clause was not enforceable as to the Company and that because Mr. Weinhold had not signed the contract, the arbitration panel lacked individual personal jurisdiction over him. A hearing was held, after which the trial court reserved ruling.
*720 The trial judge then recused herself, and a hearing on the still pending motion was scheduled before a successor judge. Four days before the new hearing, Mr. Wein-hold filed an emergency motion to continue the hearing because he had suffered head injuries in a car accident and as a result was taking several medications. He attached to his motion a letter in which his doctor suggested that he should not participate in a court hearing for several weeks. There is nothing in the record before us to indicate that the trial court considered this motion. Instead, the record reflects that the court held the hearing as scheduled with no appearance by Mr. Weinhold. No transcript of this hearing is available, and it is not clear whether either the motion for continuance or the motion to dismiss the complaint and vacate the arbitration awards was addressed at the hearing. The trial court entered the final judgment confirming the arbitration awards immediately following the hearing. The court then denied the motions for continuance and to vacate the arbitration awards three days later.
“It is generally reversible error to refuse to grant a motion for continuance when a party or his counsel is unavailable for physical or mental reasons, which unavailability prevents fair and adequate presentation of the party’s case.” Vollmer v. Key Dev. Props., Inc., 966 So.2d 1022, 1029 (Fla. 2d DCA 2007). In the instant case, the trial court abused its discretion in failing to grant Mr. Weinhold’s motion for continuance when he was unavailable for a few weeks due to documented physical and mental impairment due to injuries suffered in a car accident.
Although trial courts are endowed with rather broad discretion in deciding whether to grant or deny a motion for continuance, the exercise of that discretion is not absolute. We are charged with the task of reviewing a court’s decision on a continuance motion and setting it aside if we determine the trial court abused its discretion. This court considers certain factors in making that determination, including 1) whether the mov-ant suffers injustice from the denial of the motion; 2) whether the underlying cause for the motion was unforeseen by the movant and whether the motion is based on dilatory tactics; and 3) whether prejudice and injustice will befall the opposing party if the motion is granted.
Id. (quoting Myers v. Siegel, 920 So.2d 1241, 1242 (Fla. 5th DCA 2006)).
There is nothing in the instant record to suggest that Kabe faced prejudice from the short delay that would result from the granting of a continuance. Mr. Weinhold provided the trial court with a doctor’s letter to support his contention that his concussion would preclude him from participating in the hearing for a few weeks and that the injury was the result of a car accident. Although on appeal Kabe suggests that Mr. Weinhold was using dilatory tactics, there is nothing on the face of the record to support that the requested continuance based on the accident was an intentional delay. The fact that Mr. Wein-hold and the Company suffered injustice as a result of the denial of the motion for continuance seems clear in this instance. Mr. Weinhold was not permitted the opportunity to present his argument — that he was not a party to the contract containing the arbitration clause and thus could not be bound by the determination of the arbitration panel — to the trial court. Substantively, his argument may have merit. See generally LeNeve v. Via S. Fla., L.L.C., 908 So.2d 530, 535 (Fla. 4th DCA 2005) (“The issue here is whether a non-signatory to an arbitration agreement waived his right to litigate in circuit court by actively participating in an arbitra *721 tion.”). And while Mr. Weinhold could not argue pro se on behalf of the Company’s positions at the hearing, the Company was still entitled to have its corporate representative present. Cf. Polyglycoat Corp. v. Hirsch Distribs., 442 So.2d 958, 959 (Fla. 4th DCA 1983) (“[The corporate representative] was excluded, leaving no one present in the courtroom on behalf of [the corporation].... This was error.”). Furthermore, the fact that the arguments were presented to a different judge at an earlier hearing does not change our determination. There is neither transcript nor indication on the face of the order that any of those earlier arguments were actually considered by the successor judge prior to entering the final judgment.
After considering the factors outlined in Vollmer, it is clear that the trial court abused its discretion in holding the hearing without granting Mr. Weinhold’s emergency motion for continuance. We therefore reverse the final judgment confirming arbitration awards and remand for the trial court to consider and rule on the motion to vacate the arbitration panel’s recommendation. Due to the temporary nature of Mr. Weinhold’s injuries, we do not find it necessary for the trial court to further address his need for a continuance prior to setting a hearing on the motion to vacate the arbitration awards. Because the trial court has not yet addressed the pending motion on its merits, we do not further address the substantive challenges to the arbitration awards.
Reversed and remanded.
VILLANTI and MORRIS, JJ., concur.

. The August 31, 2009, order, although rendered postjudgment, addressed matters that were pending prior to the rendition of the final judgment.