VILLANTI, Judge.
 

 Susan Elizabeth Farrell (the Former Wife) appeals the trial court’s post-dissolution order that denied her motion for an award of attorney’s fees that she incurred during her defense against a motion for contempt and sanctions filed by Mark David Farrell (the Former Husband). The Former Husband correctly concedes error, and we reverse.
 

 At a scheduled evidentiary hearing on the Former Wife’s motion for attorney’s fees, the Former Wife was unable to complete her case during the time reserved, and the Former Husband was unable to present
 
 any
 
 of his evidence. Thus, at the conclusion of the hearing, the parties scheduled a continuation of the hearing for several weeks later. Inexplicably, however, the trial court sua sponte entered an order denying the Former Wife’s motion four days
 
 before
 
 the date set for the continuation of the hearing.
 

 
 *478
 
 A trial court’s failure to allow a party to present evidence and to be heard on the issues pending before the court constitutes a denial of due process.
 
 See Vollmer v. Key Dev. Props., Inc.,
 
 966 So.2d 1022, 1027 (Fla. 2d DCA 2007) (holding that parties have a right to “ ‘introduce evidence at a meaningful time and in a meaningful manner’ ” and that the violation of this right constitutes a denial of due process (quoting
 
 Baron v. Baron,
 
 941 So.2d 1233, 1236 (Fla. 2d DCA 2006)));
 
 Minakan v. Husted,
 
 27 So.3d 695, 698-99 (Fla. 4th DCA 2010) (holding that it was a violation of due process to refuse to allow the wife to testify and present evidence on a disputed issue of fact). The denial of a litigant’s right to due process requires reversal.
 
 See Vollmer,
 
 966 So.2d at 1027. Accordingly, as the Former Husband properly concedes, we must reverse the order denying the Former Wife’s motion for attorney’s fees and remand for further proceedings.
 
 [1]
 

 In her initial brief, the Former Wife also argues that this court should order that any further trial court proceedings be held before a different judge based on findings in the trial court’s order that the Former Wife contends reflect bias. Under the circumstances of this case, we decline to make such a ruling, particularly since this issue was raised for the first time in this court. However, if the Former Wife believes she has a good faith basis for moving to recuse the trial judge on remand, she may file such a motion in that court.
 

 Reversed and remanded for further proceedings.
 

 DAVIS and LaROSE, JJ., Concur.
 

 [1]
 

 . We commend appellate counsel for her candor in this matter.