VTLLANTI, Judge.
Timothy Paul Tedesco seeks review of the trial court’s order that adopted the magistrate’s recommended order of dismissal of his motion for relief from a child support order, as well as the denial of his motion for rehearing. The Department of Revenue has correctly conceded error, and we reverse and remand for further proceedings.
Several overlapping trial court orders and a mistaken date written on one of the orders have resulted in some procedural disarray. Because of this, we recount the events in this case in some detail to explain how the error occurred.
Tedesco filed a petition for modification of time-sharing and child support on June 5, 2009, and the trial court referred the motion to a magistrate on October 15, 2009. At a hearing held March 15, 2010, the magistrate bifurcated the two issues, addressing only the time-sharing issue at that hearing and specifically leaving the child support issue open. On May 27, 2010, the magistrate issued his recommended order on time-sharing, and Tedes-co filed exceptions on June 4, 2010. The trial court denied these exceptions after a hearing and rendered its order adopting the magistrate’s recommended order on time-sharing on July 9, 2010. Tedesco filed a notice of appeal from this final order on August 9, 2010. This court’s file in that appeal, Case No. 2D10-3846, shows that only the July 9, 2010, order addressing time-sharing was attached to the notice of appeal, and the issues raised in Tedes-co’s brief related solely to that order.[1]
*1238 Meanwhile on July 27, 2010, the magistrate held the hearing on the child support issue that had been previously bifurcated. The magistrate’s recommended order was filed with the clerk on August 3, 2010; however, the handwritten date on the order is July 2, 2010. Given that the hearing was scheduled for July 27, 2010, and that the recommended order itself states that the case “c[a]me before the Court on July 27, 2010,” the handwritten date appears to be a mistake. Nevertheless, the trial court entered an order on August 3, 2010, adopting the magistrate’s recommended order and stating that it was doing so because no exceptions had been filed within the ten-day period in which to file exceptions. This ruling appears to be based on the trial court’s presumed acceptance of the erroneous handwritten date on the recommended order.
On August 9, 2010, Tedesco filed timely exceptions to the magistrate’s August 3, 2010, recommended order on child support. Tedesco also filed a motion to vacate the trial court’s August 3, 2010, order on child support, noting that the court had adopted the magistrate’s recommended order before the time for filing exceptions had expired. The trial court never ruled on the exceptions or the motion to vacate.
On May 3, 2011, Tedesco filed a motion for relief from the trial court’s August 3, 2010, order ■ on child support. The trial court referred this motion to the magistrate, who recommended that the motion be dismissed based on the magistrate’s mistaken belief that the child support order was included in the appeal of the time-sharing order. Tedesco filed timely exceptions to the magistrate’s recommended order, correctly pointing out that only the time-sharing order was on appeal — not the child support order. The trial court set the exceptions for hearing, and it mailed a notice of hearing to the parties. Unfortunately, the notice of hearing was defective in that it set the hearing for “Tuesday, July 18, 2011,” when July 18, 2011, was actually a Monday. Not surprisingly, Ted-esco failed to appear on Monday, July 18, 2011, and the trial court denied his exceptions and adopted the magistrate’s recommended order on that date.
Tedesco did appear, however, on Tuesday, July 19, 2011, at the time set out in the notice, as confirmed by the court security officer. Upon learning of the trial court’s ruling the day before, Tedesco immediately filed a motion for rehearing, noting that he had failed to appear because of confusion arising from the defect in the court’s notice of hearing. The Department conceded that the notice of hearing was defective and that Tedesco was entitled to be heard on his exceptions. The trial court also conceded that the notice of hearing was defective. Inexplicably, however, the trial court denied the motion for rehearing on the grounds that it had set the hearing on Tedesco’s exceptions solely “to explain the prior rulings to the pro-se litigant.” The court concluded that a hearing on Tedesco’s exceptions “was not necessary” since it had now entered a “written order explaining the basis for the denial” of the exceptions. Tedesco now seeks review of the dismissal of his motion for relief from the child support order and the denial of his motion for rehearing.
Turning first to the trial court’s order that dismissed Tedesco’s motion for relief from the child support order, we reverse because that order was based on a mistake of fact. The sole basis for the *1239 magistrate’s recommendation to dismiss the motion was that the order from which Tedesco was seeking relief was pending on appeal. However, it is clear from this court’s file in case 2D10-3846, as well as the trial court’s own docket, that the child support order was not on appeal in case number 2D10-3846. Because of this factual error, the trial court abused its discretion by adopting the magistrate’s recommended order rather than considering the motion on its merits. Accordingly, we reverse the dismissal of this motion and remand for further proceedings.
While this disposition renders the issues surrounding the denial of Tedes-co’s motion for rehearing moot, we take this opportunity to note that, on this record, the denial of Tedesco’s motion for rehearing constituted a denial of due process. Florida Family Law Rule of Procedure 12.492(g) requires that exceptions to a magistrate’s recommended order be “heard.” In addition, the constitutional guarantee of due process requires that each litigant be given a full and fair opportunity to be heard. Cnty. of Pasco v. Riehl, 635 So.2d 17, 18-19 (Fla.1994); E.I. DuPont De Nemours & Co. v. Lambert, 654 So.2d 226, 228 (Fla. 2d DCA 1995); Edelman v. Breed, 836 So.2d 1092, 1094 (Fla. 5th DCA 2003). Violation of a litigant’s due process right to be heard absolutely requires reversal. Riehl, 635 So.2d at 18; Vollmer v. Key Dev. Props., Inc., 966 So.2d 1022, 1027 (Fla. 2d DCA 2007); E.I. DuPont De Nemours & Co., 654 So.2d at 228.
Here, the trial court initially scheduled a hearing on Tedesco’s exceptions and sent a notice of hearing to the parties, but Tedes-co failed to appear at the scheduled hearing. Normally, this failure to appear would be considered a waiver of Tedeseo’s right to be heard. Cf. V.D.C. v. Dep’t of Children & Family Servs., 899 So.2d 1193, 1194-95 (Fla. 1st DCA 2005) (noting that a parent’s failure to appear at a properly noticed adjudicatory hearing constitutes a waiver of the right to be heard and a consent to entry of judgment against that parent); Giordano v. Dep’t of Banking & Fin., 596 So.2d 712, 714 (Fla. 1st DCA 1992) (noting that failure to timely petition for an administrative hearing constitutes a waiver of the right to a hearing). However, as Tedesco pointed out in his motion for rehearing, his failure to appear in this case was due to a defect in the trial court’s own notice of hearing rather than any waiver by him of his right to be heard. Such a failure to appear is not properly charged against Tedesco. Cf. J.B. v. Fla. Dep’t of Children & Family Servs., 768 So.2d 1060, 1066 (Fla.2000) (holding that when the trial court provided notice of hearing less than twenty-four hours before the hearing, the father’s failure to appear did not constitute a waiver of his right to hearing and the order entered as a result of that hearing was a violation of his due process rights).
Moreover, even when Tedesco pointed out the defective notice in his motion for rehearing, the trial court refused to rehear the issue, finding that it was “unnecessary.” However, Tedesco had a due process right to be heard on the issue of his exceptions, and the trial court was not entitled to thwart that right through a defective notice of hearing or a dismissive pronouncement that a hearing was “unnecessary.” Given the Department’s concession in the trial court that Tedesco had a right to be heard, at a minimum the trial court should have held a hearing on the rehearing motion. Its failure to do so under these hopefully unique circumstances constituted an abuse of discretion.
Accordingly, we reverse the trial court’s order adopting the magistrate’s recommended order on Tedesco’s motion for re *1240 lief from the child support order and dismissing that motion. On remand, the trial court must consider Tedesco’s motion for relief from the child support order on its merits.
Reversed and remanded for further proceedings.
•WHATLEY and KELLY, JJ., Concur.

. This court may take judicial notice of its own records. See, e.g., Foxworth v. Wainwright, 167 So.2d 868, 870 (Fla.1964); Matthews v. Matthews, 133 So.2d 91, 96 (Fla. 2d *1238 DCA 1961), overruled on other grounds by Rigot v. Bucci, 245 So.2d 51 (Fla.1971); Hillsborough Cnty. Bd. of Cnty. Comm'rs v. Pub. Employees Relations Comm'n, 424 So.2d 132, 134 (Fla. 1st DCA 1982).