CORRECTED OPINION
PER CURIAM.
In this slip-and-fall case, the plaintiffs, Dorothy Natiello and William Natiello, appeal a final summary judgment entered in favor of the defendant, Winn-Dixie Stores, Inc. We reverse solely for a new hearing on the defendant’s motion for summary judgment.
The facts set out in the plaintiffs’ verified motion for rehearing are undisputed. The plaintiffs’ counsel arrived for the summary judgment hearing at the scheduled time but left to go to the restroom when he saw that defense counsel was not present. When plaintiffs’ counsel returned to the courtroom a few minutes later, the trial court and defense counsel were wrapping up the summary judgment hearing. Despite defense counsel’s willingness to reargue the matter, the trial court refused to allow plaintiffs’ counsel to argue, stating: “No motion to continue, no memorandum in opposition, counsel you may not argue.” The trial court denied the plaintiffs’ verified motion for rehearing and entered final judgment in favor of the defendant. The plaintiffs appealed.
The standard of review applicable to a trial court’s entry of summary judgment is de novo. Everett Painting Co., Inc. v. Padula & Wadsworth Const., Inc., 856 So.2d 1059, 1061 (Fla. 4th DCA 2003). Likewise, the issue of whether a party has been denied procedural due process is reviewed de novo. Residential Mortg. Servicing Corp. v. Winterlakes Prop. Owners Ass’n, 169 So.3d 253, 255 (Fla. 4th DCA 2015).
Here, because plaintiffs’ counsel was only a few minutes late for the summary judgment hearing and offered a patently reasonable explanation for his tardy appearance, and there was no showing of prejudice or willful misconduct, we find that the trial court abused its discretion in refusing to allow plaintiffs’ counsel to present argument at the hearing. See Love v. Gruner, 658 So.2d 1180, 1181 (Fla. 4th DCA 1995) (it is an abuse of discretion for a trial court to deprive a party of an opportunity to be heard at a hearing where counsel is a few minutes late, there is a patently reasonable explanation for the tardy appearance, and there is no showing of prejudice or willful misconduct); Phillips 66 Co. v. Int’l Tele-Coin Co., 564 So.2d 1219, 1220 (Fla. 3d DCA 1990) (due process requires that before summary judgment is entered, the non-moving party must have a full and fair opportunity to contest the proposition that there is no genuine issue of material fact); see also Carmona v. Wal-Mart Stores, E., LP, 81 So.3d 461, 464 (Fla. 2d DCA 2011) (a summary judgment proceeding must be “essentially fair”).
Although plaintiffs’ counsel failed to file anything in opposition to the defendant’s motion for summary judgment, counsel should have been permitted to present argument on the issue of whether the defendant met its initial burden on summary judgment. We therefore reverse and remand for a new summary judgment hearing.
We express no views on the merits of the defendant’s motion for summary judgment.

Reversed and Remanded for new summary judgment hearing.

GROSS, TAYLOR and DAMOORGIAN, JJ., concur.