IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

LARRY K. DOBSON AND LAURIE M. DOBSON,

     Appellants,

 v.                                   Case No.  5D16-200

U.S. BANK NATIONAL ASSOCIATION,
AS INDENTURE TRUSTEE, SUCCESSOR
IN INTEREST TO WACHOVIA BANK, N.A.,
AS INDENTURE TRUSTEE, FOR MERRILL
LYNCH MORTGAGE INVESTORS TRUST,
SERIES 2005-A9, ET AL.,

     Appellees.
_____/

Opinion filed April 28, 2017

Appeal from the Circuit Court for
Orange County,
Lawrence Kirkwood, Senior Judge.

Adam H. Sudbury, of Apellie Legal
Services, Orlando, for Appellants.

Kimberly N. Hopkins, of Shapiro, Fishman
& Gache, LLP, Tampa, for Appellee, US
Bank National Association.

No Appearance for other Appellees.

PER CURIAM.

     Larry and Laurie Dobson timely appeal the Final Judgment of Foreclosure entered

in favor of U.S. Bank National Association.  We find merit in the Dobsons' claim that the

trial court violated their due process rights when it ended the trial without allowing them to present evidence in their defense. Accordingly, we reverse.

Whether a trial court has violated a party's due process rights is subject to de novo review. VMD Fin. Servs., Inc. v. CB Loan Purchase Assocs., 68 So. 3d 997, 999 (Fla. 4th DCA 2011) (quoting Dep't of Rev. ex rel. Poynter v. Bunnell, 51 So. 3d 543, 546 (Fla. 1st DCA 2010)). Due process requires that each litigant be given a "full and fair opportunity to be heard." Vollmer v. Key Dev. Props., Inc., 966 So. 2d 1022, 1027 (Fla. 2d DCA 2007) (citing Cty. of Pasco v. Riehl, 635 So. 2d 17, 18 (Fla. 1994)). "The right to be heard at an evidentiary hearing includes more than simply being allowed to be present and to speak. Instead, the right to be heard includes the right 'to introduce evidence at a meaningful time and in a meaningful manner.'" Id. (quoting Baron v. Baron, 941 So. 2d 1233, 1236 (Fla. 2d DCA 2006)). Thus, "[d]ue process requires that a party be given the opportunity . . . to testify and call witnesses on his behalf, and the denial of this right is fundamental error." Pettry v. Pettry, 706 So. 2d 107, 108 (Fla. 5th DCA 1998) (citation omitted).

At trial, Bank's attorney presented several witnesses, who were thoroughly cross-examined by the Dobsons. When Bank rested its case, the Dobsons moved for involuntary dismissal based, in part, on Bank's failure to comply with paragraph 22 of the mortgage. After Bank responded, the trial court denied the motion. Immediately thereafter, the trial court informed the parties that it was entering final judgment in favor of Bank and asked Bank to submit a proposed final judgment. At that time, the Dobsons' attorney attempted to move a document into evidence, but the trial court refused to allow

him to do so. When counsel protested, the trial court responded by saying: "[j]udgment has been entered. Judgment has been entered," and the hearing immediately ended.

The record shows the Dobsons wanted to offer at least one piece of evidence for the trial court to consider before ruling, but the court refused to allow them to do so. They were also precluded from presenting closing arguments. This was error.

Inasmuch as the trial court's refusal to allow the Dobsons to present evidence violated their due process rights, we are compelled to reverse the final judgment and remand for a new trial. See Beltran v. Kalb, 982 So. 2d 24, 26 (Fla. 3d DCA 2008) (finding trial court denied appellants' right to due process of law when it summarily denied motions without giving appellants reasonable opportunity to be heard (citing Fuentes v. Shevin, 407 U.S. 67 (1972))); Edelman v. Breed, 836 So. 2d 1092, 1093-94 (Fla. 5th DCA 2003) (holding trial court committed reversible error and denied party due process when it directed verdict against party before he presented his case); Pettry, 706 So. 2d at 108 (noting that due process requires party be given opportunity to be heard, to testify, to call witnesses on his behalf, and to present closing argument (citing Vazquez v. Vazquez, 626 So. 2d 318 (Fla. 5th DCA 1993); Strong v. Mt. Dora Growers Coop., 495 So. 2d 1238 (Fla. 5th DCA 1986))).

REVERSED AND REMANDED.

BERGER and EDWARDS, JJ., and JACOBUS, B.W., Senior Judge, concur.