DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANK CAYARD,**
Appellant,

v.

**U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-9,** and **MELROSE HOMES AT MONARCH LAKES HOMEOWNERS ASSOCIATION, INC.,**
Appellees.

No. 4D2024-0791

[April 16, 2025]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Marina Garcia-Wood, Judge; L.T. Case No. CACE17-004493.

James Jean-Francois of the Law Offices of James Jean-Francois, P.A., Hollywood, for appellant.

Dorrella L. Gallaway of Troutman Pepper Locke LLP, Atlanta, GA, for appellee U.S. Bank National Association, as Trustee, et al.

WARNER, J.

Appellant Frank Cayard appeals an amended final judgment of foreclosure rendered in favor of U.S. Bank National Association as Trustee. The amended judgment was entered after we had reversed the original final judgment and remanded the case to the trial court with instructions to recalculate interest and remove some other expenses. At a hearing held by video conferencing, the court heard testimony, but appellant's attorney was not brought into the video meeting until after the Bank's witness had testified. The trial court denied appellant the right to cross-examine the Bank's witness as to the records which the court had admitted as business records. Because appellant was denied due process by being excluded from the video conferencing call, and because the court erred in admitting the Bank's records as business records, we reverse.

The Bank obtained a final judgment of foreclosure on appellant's property for nonpayment of a $500,000 note. Appellant appealed that judgment, and we reversed in part, remanding for the trial court to "recalculate the proper amount of interest owed; reduce the flood insurance to reflect the amount included on the payment history; and remove the awarded legal expenses without prejudice to U.S. Bank's right to seek allowable court costs." *Cayard v. U.S. Bank Nat'l Ass'n as Tr. for Structured Adjustable Rate Mortg. Loan Tr. Mortg. Pass-Through Certs. Series 2006-9*, 338 So. 3d 1136, 1137 (Fla. 4th DCA 2022).

In compliance with the mandate, the trial court scheduled a Zoom call for 8:00 a.m. on February 29, 2024. At 8:01 a.m., the court and a technician appeared on the call. No one else was present. The court introduced itself, stated that the courtroom doors were unlocked, and no one was waiting outside. The court noted, "We are on Zoom, and I am looking and I do not see anybody in the waiting room." The court then acknowledged Bank's counsel was present. Counsel advised that she was waiting for a witness to log in. The court advised counsel that it had read this court's mandate and then acknowledged that the witness was present as well as a document technician for the Bank.

The document technician asked the trial court to share screens, which the court allowed. The record is unclear as to how much time expired from the hearing's commencement to the screen sharing, but from the short amount of transcript, apparently only a couple of minutes had passed.

The trial court then heard the Bank's presentation of its case to comply with our mandate. The Bank offered nine exhibits into evidence and asked the court to admit the documents "since nobody is appearing in opposition." The court admitted the documents into evidence.

The Bank then called its witness who testified as to the interest calculation using the amounts and interest rates set forth in the Bank's exhibit 7. After some testimony using the shared screen to show the exhibits, the Bank asked that interest in the amount of $65,914.45 be added to the amended final judgment based on its calculations. The witness also offered proof as to the amount of flood insurance, consistent with the mandate, which amount the trial court granted. The Bank advised that it waived attorney's fees, the remaining issue to be reconsidered.

After the testimony concluded, the Bank moved to amend the final judgment to reflect the total interest in the amount of $265,914.45, flood insurance in the amount of $2,038, and the waiver of the approximately

2

$3,000 in legal fees. The trial court granted the motion to amend. A sale date was set for May 2, 2024. The entire presentation, including testimony, filled only eleven pages of transcript.

At that point, the trial court announced the name of appellant's counsel "and client" as individuals in the waiting room. The court stated, "[t]hat must be for the 9 o'clock." The Bank's counsel advised the court that this was opposing counsel for the case. The court let appellant and his counsel into the Zoom call and had them identify themselves. The court informed them, "We started at 8 o'clock and we have gone through the testimony, and I've heard the motions and granted the plaintiff's motions, that's where we are." Appellant's counsel responded that, "I've been sitting there since 8 o'clock . . . . [A]nd waiting on the Zoom to get in since 8 o'clock." The court inquired if appellant's counsel was on its Zoom link. Counsel replied that, "I am on your Zoom link. I have been on your Zoom link." The court stated that it did not see counsel until it came out of the "share screen." "That's the problem and we went into the testimony at 8 o'clock."

The trial court asked appellant's counsel whether he was contesting the figures, which appellant's counsel had not seen, and he replied that he had questions as to interest rate and the dates when the fluctuating rate changed. At that point, with the court's permission, appellant's counsel began to question the Bank's witness concerning exhibit 7 and the interest rate. Appellant's counsel asked on what date the interest rate had changed. The Bank's witness referred to the exhibit, but when appellant's counsel asked the witness to show from the exhibit how the interest rate was calculated, the Bank's counsel objected. The Bank's counsel claimed that exhibit 7 had been admitted as a business record and had a presumption of reliability and accuracy.

When appellant's counsel continued to question the witness regarding how the rate was computed, the trial court asked counsel for his own interest rate calculation. Counsel responded that the Bank bore the burden of proof, and he did not have to come up with figures. The court advised counsel that it had heard testimony with figures presented through "business records," and it had found "substantial competent . . . proof of the interest rate as required by the mandate." The court asked appellant's counsel to present any evidence that the Bank's figures were wrong, to which counsel again responded that the Bank bore the burden of proof.

Appellant's counsel then moved on to the flood insurance, but the trial court cut off his questioning, stating that it was awarding $2,038 in flood

insurance in the amended judgment.[1] The court added that the Bank had waived a little over $2,000 in costs.

At this point, the Bank's counsel stated that they needed to discuss additional escrow for the addition of taxes and insurance since the entry of final judgment. The court allowed Bank's counsel to re-inquire of the witness. Appellant's counsel objected to the witness testifying to the final document in the package as not having been admitted. The court advised counsel that all nine exhibits were admitted per the business record exception.

The court then determined that it would stand by its prior rulings and enter the amended final judgment. The hearing ended at 8:42 a.m. From the entry of appellant and his counsel into the video conference to the end of the hearing, the transcript consumed eighteen pages, thus approximately two-thirds of the hearing time. Appellant brings this appeal from the final judgment.

## Analysis

Appellant challenges both the failure to admit him into the hearing as a due process violation and the trial court's admission of the Bank's exhibits as business records.

Challenges to the procedural due process of court proceedings are reviewed de novo. *Sanders v. Peterson-Sanders*, 321 So. 3d 802, 805 (Fla. 4th DCA 2021).

"Due process requires that each litigant be given a 'full and fair opportunity to be heard.'" *Id.* (quoting *Dobson v. U.S. Nat'l Bank Ass'n*, 217 So. 3d 1173, 1174 (Fla. 5th DCA 2017)). "The opportunity to be heard must be 'full and fair, not merely colorable or illusive.'" *Id.* (quoting *Julia v. Julia*, 146 So. 3d 516, 520 (Fla. 4th DCA 2014)). "The denial of due process rights, including the opportunity to be heard, to testify, and to present evidence, is fundamental error." *Weiser v. Weiser*, 132 So. 3d 309, 311 (Fla. 4th DCA 2014).

"While courts have broad authority to control their dockets, trial judges must use this authority to 'manage their courtrooms so that the people's business may be conducted fairly, efficiently, and expeditiously.'" *Julia*, 146 So. 3d at 522 (quoting *Smith v. Smith*, 964 So. 2d 217, 218 (Fla. 2d

---

[1] Appellant has not requested reversal as to the flood insurance award.

4

DCA 2007)).  Additionally, courts must allow both parties their "fair share of the court's time."  *Id.* (quoting *Smith*, 964 So. 2d at 219).

*Natiello v. Winn-Dixie Stores, Inc.*, 203 So. 3d 209 (Fla. 4th DCA 2016), is instructive.  In that case, the plaintiffs' counsel, who had arrived on time for the summary judgment hearing, left to go to the restroom, because defense counsel was not present.  *Id.* at 210.  When counsel returned to the courtroom, the court and defense counsel were wrapping up the hearing.  *Id.*  The trial court refused to allow plaintiffs' counsel to argue.  *Id.*  In reversing, we noted that plaintiffs' counsel had offered a patently reasonable explanation for his tardy appearance, and no showing of prejudice or willful misconduct was made.  *Id.*  We found the trial court had abused its discretion in refusing to allow plaintiffs' counsel to present argument at the hearing.  *Id.*; *see also Weiser*, 132 So. 3d at 310–11 (finding that the trial court, which had denied two motions with prejudice because the motions had not been reached by the parties in the time allotted, had erred by failing to provide the appellant with a meaningful opportunity to be heard before rendering its opinion).

Here, appellant and his counsel did not appear in the Zoom waiting room at 8:01 a.m.  Shortly thereafter, the trial court's screen sharing apparently blocked the court's ability to see when appellant and his counsel arrived in the Zoom waiting room.  The hearing proceeded but seemingly not for much time, considering the number of transcript pages.  We do not fault the court for starting the hearing, but failing to admit a party to a Zoom hearing is tantamount to locking the courtroom door once the hearing starts.  Moreover, after allowing appellant to join the hearing, the court did not permit him the opportunity to "defeat [the plaintiff's] right to recover," because appellant was not allowed to challenge the exhibits as business records.  *See Graber v. Gassman*, 321 So. 2d 82, 83 (Fla. 3d DCA 1975).

The Bank maintains that appellant had a fair opportunity to participate in the hearing.  However, the Bank ignores that while appellant was allowed to cross-examine the witness, the trial court had already decided that the Bank had met its burden of proof and admitted the records.  As appellant contends, he was only allowed to go through the motions of opposing the Bank, as the court had already decided the contest in the Bank's favor.  Under the circumstances of this case, after the court had allowed appellant's entry into the hearing, the court abused its discretion in failing to allow appellant the opportunity to challenge the Bank's evidence, thus denying appellant a full and fair opportunity to be heard.

The trial court further erred in admitting the exhibits as business records and adhering to that decision when appellant challenged the records. "The standard of review for admissibility of evidence is abuse of discretion, limited by the rules of evidence." *Ocwen Loan Servicing, LLC v. Gundersen*, 204 So. 3d 530, 533 (Fla. 4th DCA 2016) (quoting *Tengbergen v. State*, 9 So. 3d 729, 736 (Fla. 4th DCA 2009)). "[T]he question of whether evidence falls within the statutory definition of hearsay is a matter of law, subject to de novo review." *Id.* (quoting *Burkey v. State*, 922 So. 2d 1033, 1035 (Fla. 4th DCA 2006)).

The trial court admitted all the exhibits in the first part of the hearing after the Bank's counsel noted that no one was present to oppose. The Bank did not ask the witness the standard questions to demonstrate that the records fell within the business records exception to the hearsay rule. *See* § 90.803(6)(a), Fla. Stat. (2024). When the court reopened the case to allow appellant to cross-examine the witness, the court refused to allow appellant to question the foundation for the records' introduction into evidence, particularly as to exhibit 7, overruling appellant's hearsay objection.

The predicate foundational elements for the admissibility of a business record are "(1) that the record was made at or near the time of the event, (2) that it was made by or from information transmitted by a person with knowledge, (3) that it was kept in the ordinary course of a regularly conducted business activity, and (4) that it was a regular practice of that business to make such a record." *Jackson v. Household Fin. Corp. III*, 298 So. 3d 531, 536 (Fla. 2020) (quoting *Jackson v. Household Fin. Corp. III*, 236 So. 3d 1170, 1172 (Fla. 2d DCA 2018)). The witness did not testify as to any of these elements either before or after the court had admitted the records. In particular, no testimony supported the first element. Some of the witness's testimony may have supported elements two or three of the exception as to exhibit 7, but appellant did not have the opportunity to challenge that testimony. No testimony supported the admission of the other exhibits as business records. Had the court allowed appellant to cross-examine the witness, perhaps the witness could have provided the necessary testimony to support them as business records. But even in its own case-in-chief, the Bank did not establish the predicate for the admission of exhibit 7 or the other records as business records.

## Conclusion

Although appellant was present in the Zoom waiting room to be admitted to the hearing, the trial court failed to notice his presence. As a consequence, appellant was denied a fair hearing because he was not

allowed an opportunity to meaningfully participate.  The trial court further erred in overruling appellant's hearsay objection and admitting the Bank's exhibits as business records when the Bank had failed to provide the necessary elements for the business records exception to the hearsay rule. The error was not harmless.

Our prior mandate called for the trial court to "recalculate the proper amount of interest owed."  We again reverse the amended final judgment for the court to comply with that directive.

*Reversed and remanded for further proceedings.*

KLINGENSMITH, C.J., and FORST, J., concur.

*          *          *

***Not final until disposition of timely filed motion for rehearing.***